## *Ex Parte* FRASCH.

PETITION FOR WRIT OF MANDAMUS TO THE COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA.

No. 13. Original. Argued December 18, 21, 1903.—Decided February 23, 1904.

Mandamus to the Commissioner, and not to the Court of Appeals of the District of Columbia, is the proper remedy to compel the forwarding of an appeal to the board of examiners-in-chief from the primary examiner.

THE facts are stated in the opinion.

*Mr. Charles J. Hedrick* for petitioner.

*Mr. Assistant Attorney General McReynolds*, with whom *Mr. John W. Coit* was on the brief, for respondents.

Mr. Justice McKenna delivered the opinion of the court.

This is a petition for a writ of mandamus to compel the Court of Appeals of the District of Columbia to take jurisdiction of an appeal from the Commissioner of Patents.

The petition shows that petitioner was the first inventor of a new and useful improvement in the art of making salt by evaporation of brine, which improvement consisted of new and useful means for removing incrustation of calcium sulphate from brine heating surfaces.

Petitioner applied for a patent for his invention in due form, and expressed his invention in six claims, three of which were for the process of removing incrustation of calcium sulphate from heating surfaces, and three of which were for an apparatus for use in the process.

The primary examiner decided that " two different subjects of invention " were presented in the specification and claims, and required a division of the claims under rule 41 of the Patent Office. A reconsideration of the decision was requested and denied. A petition for an appeal to the board of examiners-in-chief was filed. The primary examiner refused to allow the appeal. A petition was then presented to the Commissioner of Patents praying that he make such order or take such action that petitioner's appeal to the examiners-in-chief might be heard, or, if that prayer be denied, that the Commissioner himself " consider the various matters all and severally raised by the appeal." Both prayers were denied and petitioner appealed to the Court of Appeals of the District of Columbia. That court dismissed the appeal for want of jurisdiction. This petition was then filed and a rule to show cause issued. A return to the rule was duly made.

We have just held in *Steinmetz* v. *Allen, ante*, p. 543, that rule 41 of the Patent Office, in so far as it requires a division between claims for a process and claims for an apparatus, if they are related and dependent inventions, is invalid. We, however,

held that mandamus to the Commissioner, not appeal to the Court of Appeals of the District, was the proper remedy. It follows, therefore, that the rule to show cause should be discharged and the petition be dismissed, and it is

*So ordered.*