# IN RE FRASCH.

PATENTS; DIVISION; REV. STAT. SEC. 4886, U. S. COMP. STAT. 1901, P.
3382, CONSTITUTIONALITY OF; BURDEN OF PROOF.

1. Revised Statutes, sec. 4886, is not unconstitutional because it provides
   that inventions or discoveries may be either arts, machines, manufac-
   tures, or compositions of matter, and that presumptively no two of
   these subjects are one invention. Inventions have been thus distin-
   guished continuously since 1793, and the Supreme Court of the Unit-
   ed States has frequently recognized the validity of this division.

2. A process and an apparatus, while presumptively independent inven-
   tions when considered in the light of section 4886, U. S. Rev. Stat.,
   nevertheless may be so connected in their design and operation as to
   constitute unitary invention. When so dependent as to constitute a
   unitary invention they may be claimed in one and the same applica-
   tion; but otherwise when they constitute independent inventions.

3. No general rule can be laid down by which to determine when a given
   invention or improvement shall be embraced in one, two, or more pat-
   ents. The Commissioner of Patents is vested with a discretion in de-
   termining whether or not to require a division of claims for a process
   and an apparatus, and when this discretion has been exercised this
   court will not interfere except in cases of clear abuse.

4. The burden of proof is upon the applicant to prove that two statutory
   inventions constitute one unitary invention.

5. An assignment of errors on an appeal from a decision of the Commission-
   er of Patents, that the Commissioner "erred in many material re-
   spects," will not be considered.

No. 323. Patent Appeals.   Submitted January 10, 1906.   Decided February
                           6, 1906.

HEARING on an appeal from a decision of the Commissioner
of Patents requiring an applicant to divide a process and an
apparatus claim.                              *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. C. J. Hedrick* for the appellant.

*Mr. J. M. Coit* for the Commissioner.

Mr. Justice DUELL delivered the opinion of the court:

From the requirement of the Commissioner of Patents that appellant, Herman Frasch, divide out of an application for patent, filed November 13, 1889, claim 1 for a process, this appeal has been taken.

The subject-matter of the invention is stated to be for improvements in means for removing the incrustation of calcium sulfate from brine-heating surfaces. The application was filed with six claims, the first three being process claims and the others for the apparatus.

Patent Office rule 41, at the time when the application was filed, did not permit the joinder of claims for process and apparatus in one and the same application. The Examiner, following the rule, required division between the process and apparatus claims, and refused to act upon the merits. An appeal was taken to the Examiners-in-Chief but the Examiner refused to forward it. Thereupon a petition was filed asking the Commissioner of Patents to direct that the appeal be heard. The Commissioner held that the Examiner was right in refusing to forward the appeal. From this refusal an appeal was taken to this court, which held that it did not have jurisdiction to entertain the appeal. Appellant then filed a petition in the Supreme Court for a mandamus directing this court to hear and determine the appeal. This petition was dismissed. 192 U. S. 566, 48 L. ed. 564, 24 Sup. Ct. Rep. 424. Meanwhile the Supreme Court, in *United States ex rel. Steinmetz* v. *Allen,* 192 U. S. 543, 48 L. ed. 555, 24 Sup. Ct. Rep. 416, held a requirement for division to be a rejection of an application, and therefore, under the statute, appealable. The Supreme Court having

so held, the proceedings in this case were resumed in the Patent Office, and the Examiner was directed to forward the appeal to the Examiners-in-Chief.    From the Examiner's statement forwarding the appeal it appears that in originally requiring division the Examiner relied not only upon the clause of Rule 41, which prohibited the joinder of process and apparatus claims under any circumstances, which clause was held invalid in *United States ex rel. Steinmetz* v. *Allen, supra,* but also upon the ground that different subjects of invention were presented in the same application. . Provision was contained in Rule 41 for such objection.    That paragraph of the rule is as follows:

"Two or more independent inventions cannot be claimed in one application; but where several distinct inventions are dependent upon each other, and mutually contribute to produce a single result, they may be claimed in one application."

The Examiners-in-Chief heard the appeal, and a majority of them, in a very elaborate and able opinion, in which they recognize to the fullest extent the rule laid down by the Supreme Court in *United States ex rel. Steinmetz* v. *Allen, supra,* decided that the Examiner was right in the case at bar in requiring division between the process and apparatus claims.    From this decision an appeal was taken to the Commissioner in person, who affirmed the decision of the Board as to claim 1, but reversed it as to claims 2 and 3.

Before passing to the consideration of the main question it may be well to see whether the position of appellant is correct in maintaining that the Commissioner had refused to permit him to join all the claims for the alleged process in one application.    We do not so read his decision.    He has merely held that claims 2 and 3 for the alleged process may be retained in the present application with the three claims for the apparatus. He has not held, nor intended to hold, as we construe his decision, that appellant may not, if it be finally decided that claim 1 cannot be joined with the apparatus claims, present the three process claims in one application and the three apparatus claims in another application.    All that is denied him is the right to retain claim 1 with the apparatus claims.

For a better understanding of the questions involved all six of the claims will be set out. They read as follows:

"1. The process of removing incrustations of calcium sulfate from heating surfaces, consisting in condensing steam in contact with said surfaces by carrying off the heat from the opposite side of the heat-conducting walls, substantially as described.

"2. The process of removing incrustations of calcium sulfate from heating surfaces, consisting in condensing steam in contact with said surfaces by transferring its heat to brine of lower temperature on the opposite side of the heat-conducting walls and so carrying off the heat, the steam and brine being applied alternately to each side of said heat-conducting walls so that the heating of the brine and the removal of the incrustation from a previous heating proceed together, substantially as described.

"3. The process of removing incrustations of calcium sulfate from heating surfaces, consisting in condensing steam in contact with said surfaces by transferring its heat to saturated boiling brine of lower temperature on the opposite side of the heat-conducting walls and so carrying off the heat, the steam and brine being applied alternately to each side of said heat-conducting walls so that the evaporation of the brine with precipitation of salt and the removal of the incrustation from a previous heating proceed together, substantially as described.

"4. An apparatus divided into chambers by heat-conducting walls, and provided as to one chamber with a steam-supply pipe, a brine-supply conduit, and means for withdrawing the products of the steam-condensing and brine-heating operations, and as to other chamber with a steam-supply pipe, means for supplying a cooling medium, and means for withdrawing the products of the steam-condensing and the cooling-medium-heating operations, substantially as described.

"5. An apparatus divided into chambers by heat-conducting walls, and having each chamber provided with a steam supply pipe, a brine-supply conduit, and means for withdrawing the products of the steam-condensing and brine-heating operations, substantially as described.

"6. An apparatus divided into chambers by heat-producing walls, and having each chamber provided with a steam-supply pipe, a brine-supply conduit, and means for withdrawing water from the steam-condensing operation and water vapor and salt from the brine-heating operation, substantially as described."

As before stated, the question to be determined on this appeal is whether or not the Commissioner erred in requiring that claim 1 be divided from the apparatus claims. No other question is before us. The Commissioner permits the inclusion of process claims 2 and 3 with the apparatus claims upon the ground that they contain limitations which require that the process be carried out by the use of the specific apparatus set out in the apparatus claims. While expressing doubt whether such limitations can be considered proper steps of the process, he held that that question was not then before him, and concluded that, for the purpose of determining the question of division, the claims must be taken as they read. He says: "If they contain limitations, whether proper or improper, which make the alleged process claims indivisible from the apparatus claims division cannot be required."

He construes claim 1 as one for a process consisting in the single step of condensing steam in contact with the incrusted surfaces of heat-conducting walls by carrying off heat from the opposite side of the wall. While admitting that the apparatus described in the apparatus claims may be used in carrying out the process set out in this claim he states that "it is very clear, however, that the process may be performed without using the particular apparatus disclosed, and that the particular apparatus may be used without performing the process. Neither, therefore, depends upon the other. The appellant has discovered that incrustation may be removed by condensing steam upon it, and this idea is the basis for his process claims. He has also devised convenient means for performing his process, and such means constitute the basis of his apparatus claims. The two things are separate and independent, both in conception and in execution. The process which consists in condensing steam up-

on an incrusted surface and apparatus which consists of two chambers separated by a heat-conducting partition, and provided with certain inlets and outlets, have so little in common, and there is such an utter absence of necessary relationship between them, that it is difficult to see upon what theory they could be regarded as one invention, or as dependent inventions."

We fully agree with the quoted statement, which is correct in point of fact and logical in its conclusion. We do not consider it necessary to furnish illustrations. They will occur to anyone who examines the specification. Granting that there is any discretion vested in the Commissioner of Patents to require division between process and apparatus claims, when the process may be carried out by the use of apparatus other than the particular apparatus described, and that the apparatus claimed may be used for the purposes other than practising the particular process, or admitting that the statute either permits, or requires, division between claims for process and apparatus when they are not dependent, but are independent inventions, then the discretion vested in the Commissioner has been properly exercised, and will not be disturbed by us.

Appellant in support of his appeal presents these points:

"I. The Commissioner's decision is predicated upon an invalid, because unconstitutional, statute.

"II. The Commissioner exercised an invalid authority in rendering his decision.

"III. The Commissioner invaded appellant's legal rights in rendering his said decision.

"IV. The Commissioner erred in many material respects."

If appellant is to be understood as attacking the constitutionality of section 4886 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 3382), because it provides that inventions or discoveries may be either arts, machines, manufactures, or compositions of matter, and because presumptively no two of these subjects are one invention, it is a sufficient answer to say that inventions have been thus distinguished continuously since 1793, and that the court of last resort has been called upon to consider, from one standpoint or another, this division of inventions, and

has frequently recognized the distinctions between them without ever intimating that the legislative branch of the government had exceeded its power in so classifying inventions. As we interpret the decision of the Supreme Court in *United States ex rel. Steinmetz* v. *Allen, supra,* it recognizes that inventions are lawfully distinguished into the four classes before enumerated, and that each of them is, or may be, a separate, independent invention, or, as is said, in speaking of a process and apparatus, "they may be completely independent."

If section 4886 is to be held invalid, such ruling will have to be by the Supreme Court. For us to do so would be in effect overruling many decisions of that court. In *Providence Rubber Co.* v. *Goodyear,* 9 Wall. 788, 19 L. ed. 566, after defining patentable subjects as of the four enumerated kinds, the court said: "The patentability, or the issuing of a patent as to one, in no wise affects the rights of the inventor or discoverer in respect to the other."

Again, in *Heald* v. *Rice,* 104 U. S. 737, 26 L. ed. 910, the court said, in speaking of an apparatus and a process claim: "It might well be that Rice was entitled to patents for both, separately, or to one for both inventions. But it is too plain for argument that they are perfectly distinct."

Measured by the rule that process and apparatus may be completely independent and subjects of separate patents, we think that in the present case claim 1 is clearly for a different invention than the invention of the apparatus claims. See also *Cochrane* v. *Deener,* 94 U. S. 780, 24 L. ed. 139; *James* v. *Campbell,* 104 U. S. 356, 26 L. ed. 786; *United States ex rel. Steinmetz* v. *Allen, supra.*

It is next urged that the Commissioner had no valid authority to require division in this case. The ruling of the Supreme Court in *United States ex rel. Steinmetz* v. *Allen, supra,* is the guiding authority to govern in the decision of this question as to the power of the Commissioner in the premises. From a careful reading of the opinion in that case we deduce the conclusion that a process and an apparatus, while presumptively independ-

ent inventions when considered in the light of section 4886 of the Revised Statutes, nevertheless may be so "connected in their design and operation" as to constitute a unitary invention; that when constituting independent inventions they may not be claimed in one and the same application; that when so dependent as to constitute a unitary invention they may be claimed in one and the same application.

If we are correct in our views of the conclusions of the Supreme Court, it follows that the application of the rule to a given case involves the exercise of judgment and discretion in every case. The facts of each case must be considered, with the burden upon the applicant who asserts that two statutory inventions are one unitary invention. We are confirmed in this conclusion by the utterances of the court in the *Steinmetz Case*. At page 560, L. ed. at page 561, Sup. Ct. Rep. at page 421, the learned justice who wrote the opinion quoted with approval the following from the opinion of the court in an earlier case, *Bennett* v. *Fowler*, 8 Wall. 445, 19 L. ed. 431: "It is difficult, perhaps impossible, to lay down any general rule by which to determine when a given invention or improvements shall be embraced in one, two, or more patents. Some discretion must necessarily be left on this subject to the head of the Patent Office. It is often a nice and perplexing question."

On page 561, L. ed. page 562, Sup. Ct. Rep. page 422, it is further said, in referring to rule 41: "Without that rule the action of the Patent Office can be accommodated to the character of inventions, and discretion can be exercised, and when exercised we may say in passing, except in cases of clear abuse, the courts will not review it."

The statute being constitutional, and the Supreme Court having laid down the rule that not in all cases can claims for process and apparatus be joined in one application, it follows that the Commissioner, in requiring division, exercises a valid authority and, if correctly exercised, no error is committed. His decision in the case at bar being correct in fact, and warranted by law, there is no force in appellant's third point, that he has been deprived of any legal rights by the Commissioner.

If, as alleged by appellant, in his fourth contention, the Commissioner erred in any material respect, such alleged errors, save as before considered, are not properly before us at this time; and therefore need not be considered. We see no reason for disturbing the decision of the Commissioner of Patents, and therefore affirm it, and it is so ordered.

The clerk of the court will certify this opinion and proceedings in this court in the premises to the Commissioner of Patents, according to law.                    *Affirmed.*

A motion for a rehearing was overruled February 20, 1906.