## ARD v. UNITED STATES.

### No. 6240.

Circuit Court of Appeals, Fifth Circuit.

Dec. 17, 1931.

Rehearing Denied Jan. 16, 1932.

Forsyth Caro, of Pensacola, Fla., for appellant.

Fred Cubberly, U. S. Atty., and Geo. Earl Hoffman, Asst. U. S. Atty., both of Pensacola, Fla.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted of the unlawful possession and transportation of intoxicating liquor for beverage purposes, in violation of the National Prohibition Act (27 USCA), as charged in separate counts of the indictment. He complains in his assignments of error that the trial court erred in sustaining a demurrer to his plea in abatement, in admitting and not suppressing evidence of the seizure of liquor found in his possession while he was transporting it in his automobile, and in permitting a government agent to testify that he knew appellant was a bootlegger and arrested him without a warrant upon information which the agent considered reliable.

The plea in abatement alleges that a man named Bell acted as a grand juror, though he was not summoned or sworn as such. That plea does not allege appellant's lack of knowledge that he probably would be indicted, nor show that he was unable to challenge Bell's competency to serve on the grand jury at the time it was organized. It could properly have been overruled on the ground of appellant's failure to object at the first opportunity. Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624. Besides, it appears from the minutes of the court that Bell was sworn as a grand juror, though he was summoned to serve as a petit juror. It was not alleged that he was incompetent or disqualified to serve on the grand jury; only the irregularity of his selection is complained of, and that is not sufficient ground for setting aside the indictment, since it does not appear that any substantial right of appellant was affected. 28 USCA § 391. Under the circumstances disclosed, it was not error either to arrest appellant and seize the liquor without a search warrant or to admit testimony to show that he was known to the arresting officer to be a constant violator of the Prohibition Act, and that the officer in arrest-

ing him acted on reliable information that the violation of law that actually occurred was imminent. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407.

The judgment is affirmed.