# WAGNER et al. v. UNITED STATES.

## MATTHEWS v. SAME.

### BREED v. SAME.
### Nos. 7081, 7082, 7097.

Circuit Court of Appeals, Ninth Circuit.
Nov. 21, 1933.

George B. Grigsby, Frank Foster, and Hellenthal & Hellenthal, all of Juneau, Alaska, for appellants.

Howard D. Stabler, U. S. Atty., of Juneau, Alaska.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

Agreed to be heard together by stipulation filed herein, these three cases are appeals from orders overruling the pleas in abatement interposed in the several causes.

The pleas in abatement set forth that the grand jury which found the indictments was not drawn in accordance with the Alaska jury law (Laws Alaska 1931, c. 100, § 2), in that only approximately 1,200 names and less than 1,250 names were in the jury box at the time of the drawing, and that the Alaskan law required that the names of four-fifths

of the voters, to wit, four-fifths of 5,291, should be in the jury box. In the appellee's answers to the purported pleas in abatement it is admitted that the names were not drawn in accordance with the law of Alaska as to the number of names placed into the jury box. The answer in each case, however, denied that the appellant had been or would be prejudiced because of the reasons alleged in the plea of abatement, and further denied that the grand jury had been illegally drawn, for reasons with which we are not here concerned.

The appellant filed a demurrer to the answer, which demurrer the court below overruled. Whereupon the order appealed from, as stated above, was entered in open court.

The record does not set forth any of the evidence adduced in any of the three cases. The bill of exceptions, however, does recite that an indictment was filed against the appellant in each case, hereinafter to be referred to simply as "the appellant," and that, in the Matthews case, the appellant went to trial before a jury, which found him guilty of illegally transporting intoxicating liquor, and that he was sentenced to serve one year and one day in a United States penitentiary.

In the second case, Louis Wagner, Ernest Wagner, and Carl Sather were convicted on two counts of an indictment, one count charging conspiracy to violate the National Prohibition Act, and the other count alleging possession of property designed for the manufacture of intoxicating liquor. Various fines and jail sentences were imposed upon those three defendants.

In the third case, Breed was convicted of manslaughter and sentenced to five years in prison.

While the appeal is both from the order overruling the plea in abatement and also from the judgment and sentence, from the record and the briefs in this case it is evident that there is only one question presented for the determination of this court; namely, Did the court err in overruling the plea in abatement?

It is true that, in its answer to the plea in abatement, the appellee did not rely upon the ground upon which we are deciding this appeal. The appellee, however, is now urging that ground in this court, in addition to its contention below, which, as we have said, we need not consider.

This court has repeatedly held—and it is not alone in so holding—that a judgment need not be affirmed solely upon the ground that seemed controlling to the lower court. A fortiori, this court is not bound by the theory urged by the successful litigant below. The rule might be otherwise, though we are not here so holding, if the appellant urged one ground in the court below, assigned error, and then changed his position on appeal. It might then be urged, perhaps, that the lower court should have been given the benefit of the appellant's theory, and thus possibly have avoided the alleged error.

Here, however, the appellee is well satisfied to stand upon the order appealed from. It cannot here be argued that the court below should have been given the benefit of the appellee's new position, since the court's order is not complained of by the appellee.

This rule is too well established in this circuit and elsewhere to require copious citation of authority. We will content ourselves with quoting from the lucid language of the late Judge Gilbert, of this court, in the case of McCloskey v. Pacific Coast Co., 160 F. 794, 801, 22 L. R. A. (N. S.) 673: "But notwithstanding that the theory upon which the court below awarded its injunction may have been erroneous, the injunction must not be disturbed if in the pleadings and the proofs we may discover any tenable ground upon which it may be sustained."

Furthermore, and quite aside from all this, the court below did not give the ground upon which it overruled the plea of abatement. Under the principle that error, if any there was, is not to be presumed, we are not justified in assuming that the learned District Judge did not overrule the plea on the same ground that we are now adopting.

Examining the plea in abatement in the instant case, we find that it makes no reference whatsoever to the appellant's want of knowledge of threatened prosecution, nor want of opportunity to present his objection earlier, nor assign any ground why exception was not taken or objection made before.

Furthermore, on the question of "injury and prejudice" alleged to have been suffered by the appellant by the method of drawing the grand jury, the plea is singularly inadequate. We quote verbatim: " * * * The illegal proceedings complained of, and the findings of said indictment against the said defendant, who has signed this plea, and has sworn to the same, by said alleged or supposed grand jury, tended to his injury and prejudice, in the following particulars: That it has compelled him to defend himself against and answer an indictment found by an alleged and supposed grand jury, without

authority of law, and not in accordance of law, and a conviction and sentence thereunder would deprive him of his liberty or property, without due process of law, in contravention of the Constitution of the United States."

The allegations and the degree of particularity that must be present in a plea of abatement of this kind are set forth in considerable detail in the case of Agnew v. United States, 165 U. S. 36, 44, 45, 17 S. Ct. 235, 238, 41 L. Ed. 624:

"Such a plea must be pleaded with strict exactness. [Cases cited.]

" * * * One of these rules is that the defendant must take the first opportunity in his power to make the objection. Where he is notified that his case is to be brought before the grand jury, he should proceed at once to take exception to its competency, for if he lies by until a bill is found, the exception may be too late; but where he has had no opportunity of objecting before bill found, then he may take advantage of the objection by motion to quash or by plea in abatement, the latter in all cases of contested fact being the proper remedy. [Case cited.] Another general rule is that, for such irregularities as do not prejudice the defendant, he has no cause of complaint, and can take no exception. [Cases cited.]

"The original venire was issued November 18, the second venire issued December 2, 1895. The court opened December 3, 1895, and the indictment was returned December 12th, yet defendant did not file his plea in abatement until December 17th. The plea does not allege want of knowledge of threatened prosecution on the part of defendant, nor want of opportunity to present his objection earlier, nor assign any ground why exception was not taken or objection made before; and, moreover, the plea is fatally defective in that, although it is stated that the drawing 'tended to his injury and prejudice,' no grounds whatever are assigned for such a conclusion, nor does the record exhibit any such."

The Agnew Case has been repeatedly approved in later decisions of the Supreme Court, and has been followed by this and other Circuit Courts of Appeals.

In Olmstead v. United States, 19 F.(2d) 842, 845, 53 A. L. R. 1472, affirmed 277 U. S. 438, 48 L. Ed. 564, 72 L. Ed. 944, 66 A. L. R. 376, the late Judge Gilbert, of this court, said: "And it is uniformly held that a plea in abatement to an indictment, being a dilatory plea and not favored in law, must be pleaded with strict exactness and with certainty, accuracy, and completeness, and must set forth facts, and not conclusions of law, nor evidence of facts, and that every inference must be against the pleader."

See also, Powers v. United States, 223 U. S. 303, 312, 32 S. Ct. 281, 56 L. Ed. 448; Hyde v. United States, 225 U. S. 347, 373, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Breese v. United States, 226 U. S. 1, 11, 33 S. Ct. 1, 57 L. Ed. 97; Hauptman v. United States (C. C. A. 9) 43 F.(2d) 86, 88, 89; Mamaux v. United States (C. C. A. 6) 264 F. 816, 818; Brookman v. United States (C. C. A. 8) 8 F.(2d) 803, 806, 807; Nations v. United States (C. C. A. 8) 52 F.(2d) 97, 99; Ard v. United States (C. C. A. 5) 54 F.(2d) 358, certiorari denied 285 U. S. 550, 52 S. Ct. 406, 76 L. Ed. 941; Friscia v. United States (C. C. A. 5) 63 F.(2d) 977, 980.

When we test the plea in abatement in the instant case in the light of the rules laid down in the foregoing decisions, we find that it falls far short of the requirements.

In its brief, the appellee states that each of the appellants was held to answer to the grand jury prior to the filing of the indictments. The appellee further states that this is an assertion of "a fact, but not appearing in the record." In this connection, we wish to make it clear that we are not deciding this case on the assumption that the appellants were in fact held to answer to the grand jury, and should therefore be held to a high degree of diligence in objecting to the organization of the grand jury. Since that fact is not in the record, we have not assumed it to be true. We are deciding the case solely upon the theory that the appellants have failed to negative, in their proof as well as in their pleading, prior knowledge of the indictment and opportunity to have objected to the method or legality of organizing the grand jury, or opportunity to have filed their pleas in abatement at an earlier time; and, further, upon the theory that they have neither properly pleaded nor proved "injury" or "prejudice" resulting to them from being indicted by the grand jury as constituted in this case.

We are therefore of the opinion that the court below was correct in overruling the plea in abatement.

Judgments affirmed.