JEFF SCOTT v. THE STATE.

No. 3071. Decided February 8, 1905.

1.—Murder in the Second Degree—Absence of Judge From Bench—Practice.

The mere momentary stepping aside of the judge during a trial for felony, without evidence that he had lost control of the trial, nothing occurring during such absence which could militate against the rights of the defendant, will not authorize a reversal; but it is suggested that a recess of the court is the safer practice.

2.—Same—Eyewitness—Circumstantial Evidence.

Where a State's witness, who was an eyewitness to the homicide, defaulted and the State went to trial and relied on making out a case by circumstantial evidence, there was no error.

3.—Same—Charge Refused—Negligent Homicide.

Where the defense was that defendant's weapon was accidentally discharged while scuffling with a third party, and that he did not know he had killed deceased until some time afterwards, the evidence did not suggest the issue of negligent homicide, and the court properly refused to submit defendant's charges on that issue.

4.—Same—Continuance—Want of Diligence.

Where there is no diligence shown in procuring the absent witness and the application for continuance states mere conclusions and the testimony sought is not probably true as shown by the record, there was no error in refusing the continuance.

5.—Same—Fact Case.

See opinion for facts sustaining a conviction for murder in the second degree.

Appeal from the District Court of Jefferson. Tried below before Hon. A. T. Watts.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

The facts can be found in the former appeal, 46 Texas Crim. Rep., 536.

*Makemson, Hudson & Lord,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction of murder in the second degree; penalty assessed being fifteen years' confinement in the penitentiary. This is the second appeal. See Scott v. State, 81 S. W. Rep., 294.

By the first bill of exceptions it is made to appear: "During the trial and while testimony was being introduced, the judge presiding at the trial to wit, Hon. A. T. Watts, absented himself from the courtroom and retired therefrom out of the sight and hearing of the proceedings, and so absented himself therefrom several minutes to an adjoining apartment, about forty-two feet from the judge's bench and about fifty-one feet from the witness stand where the witness was giving testimony, and about fifty feet from the jury box; that said department was a closet or urinal disconnected from the courtroom and that there was a distance of about thirteen feet intervening between said closet and the courtroom; that to reach said apartment said judge had to pass from the bench about half-way cross the courtroom, where the trial was in progress, ascend a flight of stairs, pass through a door, descend a flight of stairs, pass over a veranda and through another door, and then into a booth used for a urinal; that the action of the court so retiring from the courtroom was duly excepted to." The court approves this bill with the following explanation: "Defendant Jeff Scott was on the stand as a witness in his own behalf, and was being cross-examined by the county attorney. The witness in his examination in chief in substance stated that the party who ran against him may have pushed him around the end of the plank fence just as his pistol was accidentally discharged. The county attorney, upon this point, had asked defendant two or three times if he had not on the former trial testified that when the party ran against him, it forced him against the fence at the point where the plank had been removed, and that it was at that point the pistol was discharged. The answers of the witness not being satisfactory, the county attorney commenced to read to the witness from the statement of facts what purported to be the witness' statement on the former trial; at that point I retired to the closet, which is adjacent to the courtroom, and reached through a door leading from the courtroom, the bottom of which is about three feet above the floor, and which is reached by four steps. I was not absent from the courtroom exceeding one minute, and while I am of the impression that I heard very nearly all that passed in the ourtroom during the time, I did not hear all of the defendant's answer to the county attorney's question. The official stenographer was present in the courtroom and taking down the evidence at the time." In support of his contention that there was error in this action of the court, appellant cites us to Bateson v. State, 80 S. W. Rep., 88; but the facts of this case do not come within the statement of facts in that case. There the judge was absent an hour or more from

the sight and view of the trial, while here the judge certifies he was gone not exceeding a minute, and that nothing occurred during said time which could have possibly militated against the rights of appellant. The Bateson case is not authority for holding that the mere momentary stepping aside of the judge will authorize or require a reversal. There must be some evidence indicating that he has lost control of the trial. The statement of the trial judge shows this was not true. He was within about fifty-five feet of the jury all the while, and certainly in that distance his attention might and could have been called to anything that occurred. However, we would not be understood as approving this character of conduct. The law contemplates, in order to make a constitutional trial of a felony case, that the judge should be in touch and present superintending the trial before the jury. It takes this to constitute a court; without this there is no court within contemplation of law and the Constitution of this State. Hence we would suggest that, where trial judges for any reason absent themselves from the trial, they should take a recess. This would necessarily eliminate any possible cavil over the question and preclude any character of injury to the rights of appellant.

Bill of exceptions number 2 complains that, when the State introduced its testimony it rested, and before appellant offered any testimony he offered a motion to require the State to put at least one eyewitness to the homicide on the stand, and that the court refused to instruct a verdict for defendant after the refusal of the State to introduce such eyewitness. This bill is explained with the statement that on the former trial, the only witness claiming to have seen the shooting was State's witness Edgar Gaitor; that the case was set for September 8, 1904, and when called this witness defaulted and was fined $100; and attachment ordered returnable on September 12, for which day the case was re-set. The attachment was returned not executed. We know of no law requiring the State, in the absence of witnesses, to continue a cause, where the case can be made out by circumstantial evidence. There was no error in the ruling of the court.

Bill No. 3 complains that the court committed error in not charging on negligent homicide in the first and second degrees. The evidence in this case does not suggest these issues. Appellant's testimony is that the weapon was accidentally discharged while scuffling with a third party, and that he did not know he had killed deceased until sometime afterwards. This issue of accident was properly submitted to the jury.

His fourth bill insists that the court should have granted his application for continuance on account of the absence of Jesse Williams; which witness would have testified, if present, that he was behind Foley & Rowland's saloon and near defendant at the time deceased is alleged to have been killed; that he was looking at defendant at the time his pistol was discharged, and defendant was then struggling with a man endeavoring to make his arrest and he was trying to escape; that defendant was not pursuing deceased; that defendant's pistol was acci-

dentally discharged; that he was not at any time making an effort to arrest, molest, pursue or attack deceased. The other ground of the application is, that the case was called out of its regular order. The whole record is replete with the fact that the testimony sought from said witness is not probably true. There is no diligence shown and application merely states conclusions and not facts.

Appellant insists that the evidence is not sufficient to support the verdict. To this we cannot agree. The testimony shows that appellant, under some character of authority was acting as deputy constable. He went to the place of the homicide, for the purpose of arresting vagrants, and went into a house, woke deceased and other parties, who were asleep, and forced all of them to come out of the house, and, as the witnesses express it, "line up"—forced them to get in a line or row. At this juncture deceased broke and run; defendant followed him, with a pistol in hand, and as he turned the corner of a house, shot deceased in the back, while pursuing him. This certainly makes out a case of murder in the second degree, and, in our opinion, the evidence amply supports the verdict. The requested charges, so far as applicable, were covered by the main charge of the court. The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]