### STEVE SKINNER V. THE STATE.

No. 9957.    Delivered May 19, 1926.

1.—Possessing Intoxicating Liquor—Misconduct of Jury—Bill of Exception—Filed Too Late.

Where complaint of misconduct of the jury is made, and evidence is heard by the court on the issue, the bill of exception and statement of the evidence heard, must be filed within term time. Having been filed after adjournment appellant's bill presenting this matter cannot be considered. Following Black v. State, 41 Tex. Crim. Rep. 185, and other cases cited.

2.—Same—Misconduct of Trial Judge—Not Reversible Error.

Where complaint is made that during the argument of the case the

trial judge left the bench and retired to an adjoining closet, the court's qualification of the bill that he was not out of the hearing of the proceedings at any time during the trial, and no injury being shown, this does not present a reversible error. This court, however, does not endorse such practice, and suggests that the trial court should recess if it becomes necessary to leave the court room during the trial. Distinguishing Bateson v. State, 46 Tex. Crim. Rep. 34; Scott v. State, 47 Tex. Crim. Rep. 568, and Cravens v. State, 55 Tex. Crim. Rep. 519.

Appeal from the District Court of Wilbarger County. Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

This is the second appeal of this case. The first appeal will be found in 101 Texas Crim. Rep. 68, where a sufficient statement of the facts appears.

*T. R. Odell* of Throckmorton, and *Marion C. Culbertson* of Vernon, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Wilbarger County for the offense of unlawfully possessing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

This is the second appeal of this case to this court. The first appeal will be found in 101 Texas Crim. Rep. 68, where a sufficient statement of the facts appears, which renders a reiteration unnecessary in this opinion.

The record discloses eight bills of exception. Bills 1, 2, 3, 4, 5 and 6 complain of the introduction of testimony over the appellant's objections, but, as presented, these bills show no error.

In bill No. 7 complaint is made to the conduct of the jury while considering their verdict. Neither this bill nor the evidence alleged to have been heard by the court pertaining to said matter was filed within term time, and for that reason we are unauthorized to consider same. Black v. State, 41 Texas Crim. Rep. 185, 53 S. W. 116; Armstrong v. State, 278 S. W. 435.

In bill No. 8 complaint is made to the action of the trial court in retiring from the courtroom to an adjoining closet while the case was being argued to the jury. There is nothing

in the bill showing that anything occurred during the temporary absence of the court to which the appellant desired to raise any objection, and the court, in qualifying said bill, states: "I was not out of hearing of the proceedings at any time during the trial and could have ruled on any exception that might have been made to argument used during my temporary absence from the courtroom." We think this bill, as qualified and presented, shows no error, although we are not to be understood as commending this practice, and think it much better, as has heretofore been said by this court, that the trial court should recess if it becomes necessary to leave the courtroom during the progress of the trial. Appellant cites us to the case of Bateson v. State, 46 Texas Crim. Rep. 34, 80 S. W. 88. We are of the opinion that the Bateson case is not applicable to the facts in the instant case, but we think Scott v. State, 47 Texas Crim. Rep. 568, and Cravens v. State, 55 Texas Crim. Rep. 519, hold against the appellant's contention. In the Scott case, supra, it appears that the court left the courtroom temporarily to go to the urinal, and this court, in discussing the matter, stated: "There must be some evidence indicating that he has lost control of the trial. The statement of the trial judge shows that this was not true. He was within about fifty-five feet of the jury all the while and certainly in that distance his attention might and could have been called to anything that occurred. However, we would not be understood as approving this character of conduct." In the Cravens case, supra, this court, after discussing the Bateson case and other cases on this point, stated: "While in this case the door was not closed and the judge had in view and control the proceedings of the case and was so near as to be within sight and hearing of the proceedings and was in such situation as to retain control of all that transpired during the trial. We therefore hold that this exception is without merit, and to authorize a reversal because of the absence of the judge, the record must disclose that said absence was of such a character as to show affirmatively that the proceedings were out of view and hearing of the court and that the judge was in such position during his absence as to lose control of the proceedings of the trial." For additional authorities on this point, in and out of this state, see Corpus Juris, Vol. 16, p. 812, Sec. 2061, Note 4. Under the authorities, supra, this bill, as qualified, shows no error.

After a careful examination of the entire record, we are of

the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.