EUGENE BRIGHT, JR. V. STATE

No. 29,248. November 13, 1957.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 30 days in jail and a fine of $100.00.

The evidence is undisputed that the appellant while driving an automobile on a public highway in the city of Houston collided with an automobile occupied by the prosecuting witness, Raymond Sowell.

In describing the appellant's appearance and condition after the collision Sowell testified that he could smell whiskey or beer on his breath; that he staggered when he walked and expressed his opinion that the appellant was intoxicated.

Officer Gunn, who investigated the accident, testified that when he observed the appellant at the scene some thirty minutes after the collision he could smell a strong odor of alcohol on his breath, that his speech was slurred and he staggered, and expressed his opinion that appellant was intoxicated. He further testified that he was present at the hospital when a blood sample was taken from the appellant with his consent and that he placed the vial containing the sample in a locked box at the police station.

Chemist McDonald testified that he ran a test on the contents of the vial which showed that the specimen contained .29% alcohol and that a person with such percentage of alcohol in his blood would be intoxicated.

As a witness in his own behalf appellant admitted that he was the driver of the automobile on the occasion in question but denied that he was drunk. He testified that he had nothing to drink that day and that the blood sample was taken without his consent.

In submitting the case to the jury, the court instructed that if they believed from the evidence or had a reasonable doubt thereof that appellant did not voluntarily give his consent to the blood test then they would disregard all testimony concerning the same and not consider it for any purpose.

We find the evidence sufficient to sustain the jury's verdict.

The record presents one formal bill of exception in which appellant complains of the action of the trial judge in absenting himself from the courtroom during the questioning of the prospective jurors from which the jury was selected in the case.

It is well settled that the judge should be present at all stages of the proceedings and if he finds it necessary to leave the courtroom he should order a recess. 42 Texas Jur. Sec. 134, p. 175; Skinner v. State, 104 Texas Cr. Rep. 400, 284 S.W. 222; and Scott v. State, 47 Texas Cr. Rep. 568, 85 S.W. 1060. However, the judge's absence from the courtroom is not ground for a reversal unless injury or prejudice is shown to have resulted therefrom, and a judgment will not be reversed if the appellant's bill of exception fails to show the occurrence of anything of an objectionable character during the judge's absence. 42 Texas Jur. Sec. 136, p. 177, White v. State, 61 Texas Cr. Rep. 498, 135 S.W. 562; and Hughes v. State, 67 Texas Cr. Rep. 333, 149 S.W. 173.

While the bill of exception certifies that during the time the prospective jurors were being interrogated and tested for jury service by counsel for the state and the appellant, the trial judge left the bench and went into another room of the courthouse out of hearing of the proceedings, and remained out of the courtroom for a large part of the time such proceedings were being held and during which time he did not see or hear the proceedings, the bill does not certify to the occurrence of anything in the proceedings during the judge's absence which could have injured or prejudiced the appellant. It is not shown that appellant desired to make any objection and secure a ruling of the court during the judge's absence. Therefore the bill does not reflect reversible error.

The instant case is unlike the recent case of Pennell v. State, 164 Texas Cr. Rep. 401, 299 S.W. 2d 699 because in that case it was shown by the bill of exception that during the examination of the prospective jurors in the judge's absence certain questions were propounded by state's counsel which were injurious to the accused.

Appellant's informal bill of exception appearing in the statement of facts has been considered and does not reflect error.

The judgment is affirmed.

Opinion approved by the Court.