Joseph Sidney **STEINGOLD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13602.

United States Court of Appeals
Sixth Circuit.

Dec. 23, 1958.

Abel J. Selburn and Allen Zemmol, Detroit, Mich., for appellant.

John M. Chase, Jr., Asst. U. S. Atty., Detroit, Mich., Fred W. Kaess, U. S. Atty., Orrin C. Jones, Asst. U. S. Atty., Detroia, Mich., on brief, for appellee.

Before ALLEN, Chief Judge, SIMONS, Circuit Judge, and GOURLEY, District Judge.

1

**2**

## PER CURIAM.

This appeal arises out of a judgment and sentence of the District Court finding defendant[1] guilty under the first count of an indictment charging violation of Title 18 U.S.C. §§ 1010 and 2(a). Section 1010 in substance penalizes the making of any statement knowing it to be false for the purpose of influencing the action of the Federal Housing Administration. The case was tried to the court, which suspended sentence and placed defendant on probation for two years and fined him $500. Motion for judgment of acquittal as to three other counts of the indictment was granted.

The principal contention is that the evidence does not support the finding of guilty. The record reveals that on or about September 17, 1953, defendant, who was in the business of making home improvements, presented to one John Edward Davies and his wife, Jessie I. Davies, an application for credit with the FHA on an FHA loan form and secured their signatures. Davies and his wife both testified that these signatures were the only writing they put on the application. Defendant's company had secured between 400 and 500 FHA loans in the past three years and he had negotiated many of them. Davies and his wife each said that they informed defendant that they were carrying substantial indebtedness, including some $1,500 borrowed to buy a car. It is undisputed that these debts were not listed in the credit application presented in evidence. Both Davies and his wife told defendant that Davies had bought their residence for $1,200 from his father. With reference to this house the application stated after the printed heading "Price paid" the figure $5,000 in writing. Under the heading provided for that purpose no listing was made of Davies's numerous dependents, including six children.

There was substantial evidence to the effect that defendant, who came to Davies' house with an unidentified companion, himself made out the handwritten statements on the papers and forms presented in evidence. When questioned on this defendant stated the writing "could be" his.

 As correctly found by the trial court, this inaccurate information upon material subjects was "favorable towards extending a loan." It justified the court's inference that the statements were knowingly made incorrect in order to influence favorable action by the FHA.

This is the essence of the crime of violating Title 18 U.S.C. § 1010. Cohen v. United States, 6 Cir., 178 F.2d 588.

The trial was fair.

The judgment of the District Court is affirmed.

---

1. The parties will be denominated as in the court below.