**UNITED STATES of America,**
**Appellee,**

v.

**Peter C. PESANO, Appellant.**

**No. 397, Docket 26520.**

United States Court of Appeals
Second Circuit.

Argued June 8, 1961.

Decided Aug. 2, 1961.

**230**

Thomas J. Todarelli, New York City (Sabbatino & Todarelli, New York City, on the brief; Peter L. F. Sabbatino, New York City, of counsel), for appellant.

Thomas Day Edwards, Asst. U. S. Atty., Southern Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., and Gerald Walpin, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and GOODRICH* and FRIENDLY, Circuit Judges.

GOODRICH, Circuit Judge.

■ The appellant was convicted on four counts of an indictment charging, in four separate instances, the making of false statements in documents prepared for the purpose of securing loans to be insured by the Federal Housing Administration. See 18 U.S.C. § 1010. He was sentenced to two years imprisonment on each of the four counts but the sentences are to run concurrently. There are four transactions in which the defendant had participated during which he was alleged to have made false statements which violated the terms of the statute. There was ample evidence to support the jury's findings that the false statements were made and that they were knowingly made. Indeed, this is not seriously challenged by the defendant on this appeal.[1]

The chief argument made on behalf of the appellant is that the court did not correctly charge as to the intent necessary to convict him under the statute. The Government puts his complaint to the effect that the intent required is one "fraudulently to subject the Government's insurance funds to risk of loss."[2] It is conceded in this case that whether representations were false or not there has not been, in the case of any of the four loans under consideration, any failure on the part of the borrower to meet the terms of the loans. In other words, the

---

* Of the Third Circuit, sitting by designation.

1. The defendant did argue that the statement filed under Count 2 was not required but voluntary. This does not matter, Cohen v. United States, 9 Cir., 201 F.2d 386, certiorari denied 1953, 345 U.S. 951, 73 S.Ct. 864, 97 L.Ed. 1374, so we need not decide whether the statement was voluntary or required.

2. The appellant phrases his argument in substantially the same terms.

insurance funds have not suffered any pecuniary loss through what the defendant has done regardless of the risk which may have been created by false representations at the time the loans were made.

There are two good reasons why the appellant's complaint about the charge made by the Court avails nothing. One is that he took no exception to the charge and, indeed, submitted a point himself which the court adopted.[3] This will be discussed in a moment. The second is that regardless of the exception or no exception the charge was right.

Let us turn first to the statute. 18 U.S.C. § 1010 provides:

"Whoever, for the purpose of obtaining any loan * * * from any person, * * * with the intent that such loan * * * shall be offered to or accepted by the Federal Housing Administration for insurance * * * makes * * * any statement, knowing the same to be false * * * shall be fined not more than $5,000 or imprisoned not more than two years, or both."

The very capable trial judge told the jury about the necessary intent in these words:

"This statute has nothing whatever to do with defrauding the Government or whether or not the Government is actually defrauded. This statute is pinpointed at the application for the loans. It makes it a criminal offense to make a false statement in those applications, knowing it to be false. It is the purpose of this statute to allow the government officials who insure these loans to rely on the applications and the representations made in those applications in making a determination as to whether or not the loan

should be insured under Title I of the Federal Housing Act.

\* \* \* \* \* \*

"Further, this application or this statement in the application or other form supplied by the government in connection with these loans must be for the purpose of obtaining a loan; that is the third element of the offense; it must be proved to your satisfaction that the false statement, the knowing false statement, was made for the purpose of obtaining a loan from a bank or other lending institution, for example."

Then, at the defendant's request, he added this:

"Intent is a necessary ingredient of the offense. Whether such intent existed is a question of fact with [sic] which the jury must exclusively find from the facts and all the surrounding circumstances.

"If you find that the defendant acted by mistake, inadvertence or other innocent reason, then he cannot be charged with knowingly committing the offense."

We think the charge given by the trial judge was just right. The statute requires the false representation to be made knowingly. It says nothing about intent to inflict pecuniary loss upon the United States. It penalizes knowingly false statements. If there had been anything lacking in the charge, and we do not think there was, it was clearly supplied by the further instruction given and quoted above. The appellant's counsel in oral argument complained that this was a watered down description of the intent necessary and lost its force by being given at the end of the charge. We think the contrary. It was the very last thing the jury had before it retired. The interpretation made by the trial judge of what we think is a pretty clear wording of the

3. Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C., provides, in part: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

statute is borne out by the following cases. Steingold v. United States, 6 Cir., 1958, 262 F.2d 1, (statements "knowingly made incorrect in order to influence favorable action by the FHA" constitute the "essence of the crime." Id., at page 2.); Smith v. United States, 6 Cir., 1956, 230 F.2d 935 ("[T]wo basic elements of the crime are the making of a material false statement and the knowledge of the maker that the statement is false." Id., at page 938. We understand the court's statement about "criminal motive" and "guilty mind" to apply to the knowingly false statement. Ibid.); C. I. T. Corp. v. United States, 9 Cir., 1945, 150 F.2d 85 ("Knowledge of falsity and a purpose, that is, intent to use the falsehood for such influence, is the essence of the crime." Id., at page 93.).

■ There is complaint also that the trial judge erred in failing to give the defendant a fair trial on the issue of his character. This evidence came in through testimony of Government witnesses on cross-examination. On redirect examination the prosecutor asked those witnesses whether they knew of prior convictions of defendant. What the defendant complains of now is that he was not allowed, when he testified in his own behalf, to explain sufficiently the circumstances of the prior convictions. The question of the defendant's character was opened by the defendant himself; the Government did not offer to go into details about the convictions but merely used them as a possible limitation on the

strength of the character testimony. The judge did not permit the defendant to show his war record and whether any instances of the jobs he had done for borrowers had ever defaulted payment. All of this was quite in accordance with judicial discretion. The thing the defendant was being tried for was a violation of Section 1010. It is the business of the trial judge to keep within reasonable limitations matters collateral to the question under consideration. He has wide discretion in this and the discretion was properly exercised.[4]

The instruction which the trial court gave on the question of character evidence was in accordance with the rule in this Circuit expressed in United States v. Kimmel, 2 Cir., 1960, 274 F.2d 54, 57. We see no reason for further discussion of some other possible rule.

■■ A further complaint is made that the court of its own motion should have cautioned the jury about acceptance of the testimony of accomplices. We are not at all sure that these people who borrowed money were "accomplices" in the criminal law sense. But even if they were the failure to make special comment in the charge about the subject is clearly not such plain error as to require a reversal in the absence of request for specific instruction along this line.[5] The plain error doctrine is certainly to be called upon only where it is necessary to prevent injustice.[6]

The judgment of the district court will be affirmed.

4. See Bank of America Nat. Trust & Savings Ass'n v. Rocco, 3 Cir., 241 F.2d 455, certiorari denied 1957, 353 U.S. 973, 77 S.Ct. 1056, 1 L.Ed.2d 1135; Dryden v. United States, 5 Cir., 1956, 237 F.2d 517. See also Wigmore, Evidence § 1117 (3d ed. 1940).

5. See United States v. Stromberg, 2 Cir., 268 F.2d 256, 272, certiorari denied 1959, 361 U.S. 863, 80 S.Ct. 123, 4 L.Ed.2d 102.

6. See, e. g., United States v. Levy, 3 Cir., 1946, 153 F.2d 995.