**UNITED STATES of America**

v.

**Edward KENSIL, Alias Edward Mondeaux, et al., Leroy Haith, Appellant.**

**No. 13675.**

United States Court of Appeals Third Circuit.

Argued Oct. 5, 1961.

Decided Nov. 1, 1961.

Certiorari Denied Jan. 15, 1962.

See 82 S.Ct. 439.

W. A. Hall, Jr., Richmond, Va., Thomas L. Hicks, Jr., Richmond, Va., on the brief), for appellant.

Carl J. Melone, Asst. U. S. Atty., Philadelphia, Pa. (Joseph S. Lord, III, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and SMITH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal by the defendant from a conviction of conspiring to violate statutes relating to the manufacture, possession, and distribution of untaxed liquor. 26 U.S.C.A. §§ 5179(a), 5205(a) (2), 5222(a) (1), 5601(a) (4). The appellant makes three points. He says, first, that the record does not show the return of the indictment in open court; second, that the indictment does not afford a jurisdictional basis for his trial and conviction; and, third, that the evidence is not sufficient to sustain the conviction.

■ The first two points are raised for the first time on this appeal. They are, therefore, not open for consideration by this Court except in the very limited exception sometimes called the "plain error" rule. See United States v. Pesano, 2 Cir., 1961, 293 F.2d 229, 232; Nix v. United States, 5 Cir., 1958, 259 F.2d 693, (per curiam); Stern v. United States, 4 Cir., 1955, 219 F.2d 263; Mitchell v. United States, 8 Cir., 208 F.2d 854, 857–858, certiorari denied 1954, 347 U.S. 1012, 74 S.Ct. 863, 98 L.Ed. 1135; Hannon v. United States, 3 Cir., 1938, 99 F.2d 933 (per curiam), certiorari denied 1939, 308 U.S. 594, 60 S.Ct. 124, 84 L.Ed. 497; cf. United States v. Allegrucci, 3 Cir., 1958, 258 F.2d 70 (finding "plain error").

■ Even had these points been raised below, however, the result would be the same. It has been said earlier that "it need not * * * appear by any set form of phraseology that the grand jury appeared in open court and returned the indictment." United States v. Glasser, 7 Cir., 1940, 116 F.2d 690, 695, reversed on other grounds, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; see Breese v. United States, 1912, 226 U.S. 1, 33 S.Ct. 1, 57 L.Ed. 97. In this instance the Clerk's Minute Sheet shows that the court was in session on June 2, 1960. It also shows that at 4:35 P.M. the grand jury returned with 18 true bills. On the first page of the original indictment there is a notation that it was filed June 2, 1960, and the last page is endorsed "a true bill" by the foreman of the grand jury. This is sufficient under the Glasser case. It would be better, even though not legally required, if the matter were somewhat more formalized in order to prevent the raising of this sort of question.

■ The defendant's second point is no better. He says that the indictment lacks definiteness and does not disclose the connection between the overt act and the conspiracy.

The indictment was a long one (seven pages) charging nineteen parties with the general conspiracy above mentioned. The overt act charged against the defendant, in the words of the indictment, was the following:

"(g) Approximately three times a week, between November 1, 1959 and February 9, 1960, Leroy Haith and Jacqueline Haith turned their automobile over to Lewis M. Hiatt, who took said automobile to Pitman, New Jersey, loaded it with untaxpaid distilled spirits, produced at the illicit distillery on the Old Schmidt Place, on Hunt Road, Bedminister Township, Bucks County, Pennsylvania, and accepted delivery of said automobile, so loaded, at points previously agreed upon by the parties."

We think an attack upon this indictment on the ground that it fails to tell the defendant what he is being charged with is not well taken. A reasonable interpretation of the language certainly charges him with being a party to the conspiracy and sets out very definitely his role in it.

The third question raised by the defendant is that the evidence is insufficient to sustain the conviction. He says, through counsel, that "nothing appears in the record whereby he would be informed that the party or parties he dealt with in buying illegal distilled spirits

were directly selling and dispensing this commodity from a distillery." Here, too, we think the point is not well taken. The evidence showed that the entrepreneur in this transaction was a man named Kensil. There was testimony that the chief prosecution witness, Hiatt, met the defendant in November 1959 at a restaurant on the northbound lane of the New Jersey Turnpike. The defendant was alone on this occasion. He had a two-door Buick car with Virginia license plates and the testimony shows that the trunk of this car had been arranged to take more than an ordinary load of distilled spirits. Testimony showed that Hiatt told defendant how many cases of "goods" he had for him and informed him where to meet Kensil. Then Hiatt took Haith's car to a place arranged, loaded it with twenty six-gallon cases of spirits and drove to another restaurant on the southbound lane of the New Jersey Turnpike. There defendant got out of Kensil's car, entered his own Buick and drove southward on the Turnpike. This same arrangement continued, according to the evidence, for fifty or sixty deliveries between November and February. The liquor was unstamped. Defendant paid about $500 for each load but there was an adjustment, on some occasions, for breakage in the load before. In other words, this was a series of transactions with at least some amount of credit extended between the parties.

It does not matter whether each defendant in a conspiracy knows all about the doings of all the other defendants or not. United States v. Sansone, 2 Cir., 1955, 231 F.2d 887, 892–893, certiorari denied 1956, 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500; United States v. Andolschek, 2 Cir., 1944, 142 F.2d 503, 507; 1 Wharton, Criminal Law & Procedure § 83, at 179 (Anderson ed. 1957). This jury had enough testimony, if it accepted Hiatt's story, to conclude that the defendant was engaged in one portion of a rather elaborate and, for a time, highly successful enterprise in the making and selling of illicit liquor. Our own decision in United States v. Giuliano,

3 Cir., 1959, 263 F.2d 582, is a helpful comparison.

The case was carefully tried. Defendant took no objection to the instructions of the able trial judge.

The judgment of the district court will be affirmed.