Leroy **HAITH**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

Civ. A. No. 34160.

United States District Court
E. D. Pennsylvania.

Sept. 18, 1963.

WOOD, District Judge.

The petitioner, Leroy Haith, a *Federal* prisoner, now serving a three and one-half year sentence for violating the statutes relating to the manufacture, etc., of untaxed liquor, has filed his *second* motion to vacate his sentence under 28 U.S. C.A. § 2255. He also claims that this motion is brought under § 2244 which pertains to the finality of a prior determination in a habeas corpus proceeding. Since this proceeding is brought under § 2255 which contains a parallel provision regarding prior applications for relief we will consider this provision in our discussion.

The facts and disposition pertaining to the trial and sentencing of the petitioner appear in United States v. Kensil, 195 F.Supp. 115 (E.D.Pa.1961). The Court of Appeals affirmed this judgment in 295 F.2d 489 (3 Cir. 1961). The Supreme Court denied certiorari in 368 U.S. 967, 82 S.Ct. 439, 7 L.Ed.2d 396 (1962). There is no need for an elaboration upon the contents of these opinions to dispose of this motion. The sole problem presented by this second motion is whether the petitioner is entitled to a hearing on the merits of the allegations contained in his petition.[1] In considering this issue we must be guided by the principles governing successive motions brought under § 2255 as set forth in the recent case of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148 (1963). The Supreme Court has emphasized the need for great care in evaluating the merits of successive motions brought under § 2255. Sanders v. United States, supra, 373 U.S. at p. 22, 83 S.Ct. at p. 1080. Before controlling weight may be given to a previous denial of an earlier application for relief under § 2255, the following circumstances must be found: (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application; (2) the prior determination was on the merits, and (3) the ends of justice would not be served by

---

1. On November 20, 1962, the sentencing judge denied the petitioner's first motion in an unreported opinion under Criminal No. 20384. Appeal to the United States Court of Appeals for the Third Circuit, No. 14330, was withdrawn on April 4, 1963.

reaching the merits of the subsequent application. Sanders v. United States, supra, 373 U.S. at p. 15, 83 S.Ct. at p. 1077.

In the denial of the petitioner's *first* motion the sentencing judge stated in his opinion:

"Careful consideration persuades us that the motion and the files and records of the case conclusively show that the prisoner is not entitled to the relief sought."

█ We have made an exhaustive study of the grounds alleged in the prior motion which are numerous and have compared them with the allegations contained in the second motion.[2] We find that the new grounds are at a variance from the matters considered in the first motion. However, we also find that all of the grounds alleged in the second application for relief existed and were known to the petitioner at the time he filed his first motion on October 29, 1962.

In addition to the foregoing principles outlined by the Supreme Court, the test remains the same as to whether "the ends of justice" require the Federal judge to reach the merits of a successive § 2255 motion. Sanders v. United States, supra, 373 U.S. at pp. 18, 19, 83 S.Ct. at pp. 1078, 1079.

█ We find that the petitioner's second application is an abuse of the remedy provided by § 2255.

"Thus, for example, if a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground." Sanders v. United States, supra, 373 U.S. at p. 18, 83 S.Ct. at p. 1078, and Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

It is apparent from a reading of the petitioner's second motion that these grounds could have been alleged in his prior motion since none of them relate to matters outside of the records and files involved in this case. Good faith required the petitioner to advance these claims in his first petition, and for that reason we deny his request for a hearing.

Even assuming arguendo that we considered this motion as an original writ of habeas corpus [3] giving full consideration to the petitioner appearing *pro se* and in *forma pauperis*, it is our considered opinion that the motion, files and records of this case clearly demonstrate the propriety of our denial.

### ORDER

And now, this 18th day of September, 1963, the motion of Leroy Haith to vacate and set aside the sentence be and is denied.

2. Generally stated, the grounds covered by the first motion encompassed the following:
 1. Faulty indictment.
 2. Lack of venue and jurisdiction in this Court.
 3. Prejudice resulting from the judge's charge and conduct of the trial.
 4. Coercion and bias of the United States Attorney.
 5. Perjured testimony.
 6. Failure of proof to establish a conspiracy.
 7. Denial of equal protection of law.
 The grounds alleged in the second motion are these:

 1. Delay between petitioner's arrest and hearing before a United States Commissioner.
 2. Lack of counsel at arraignment and plea.
 3. Voir Dire examination conducted without a judge being present.
 4. Being given an alias name by the trial judge.
 5. Denial of effective assistance of counsel.

3. In his affidavit In Forma Pauperis, petitioner terms this motion as a petition for a writ of habeas corpus.