Leroy **HAITH**, Appellant,

v.

**UNITED STATES** of America.

No. 14658.

United States Court of Appeals
Third Circuit.

Submitted Jan. 23, 1964.

Decided April 9, 1964.

Leroy Haith, pro se.

Drew J. T. O'Keefe, U. S. Atty., and Francis R. Crumlish, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and FORMAN and GANEY, Circuit Judges.

BIGGS, Chief Judge.

Section 2255 of Title 28 U.S.C., provides *inter alia:* "The sentencing court shall not be required to entertain a second or successive motion for *similar relief* on behalf of the same prisoner." (Emphasis added.) It was, we believe, the weight of authority prior to the decision of the Supreme Court in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), that in determining whether or not a second application or succeeding applications for relief under Section 2255 should be entertained by the sentencing court and pertinent matters contained therein should be passed upon and adjudicated, the test to be applied was whether the matters contained in the second application or any succeeding applications could have been raised by the prisoner in his original application. See Barrett v. Hunter, 180 F.2d 510, 20 A.L.R.2d 965 (10 Cir. 1950), and Hallowell v. United States, 197 F.2d 926 (5 Cir. 1952).

The court below decided the instant case on the following basis: "We have made an exhaustive study of the grounds alleged in the prior motion which are numerous and have compared them with the allegations contained in the second [instant] motion. We find that the new grounds are at a variance from the matters considered in the first motion. However, we also find that all of the grounds alleged in the second application for relief existed and were known to the petitioner at the time he filed his first motion on October 29, 1962." The court went on to conclude that Haith was abusing the processes of law made available to him by Section 2255 in that it appeared to the court below that none of the new grounds, those alleged in the second application, "relate[d] to matters outside of the records and files involved in this case."

But since the decision in San- ders we believe that the test stated is no longer the applicable legal principle. Mr. Justice Brennan said in Sanders 373 U.S. 17–19, 83 S.Ct. 1078, 10 L.Ed.2d

148: "No matter how many prior applications for federal collateral relief a prisoner has made, the principle elaborated in Subpart A supra [see text as cited], cannot apply if a different ground is presented by the new application. So too, it cannot apply if the same ground was earlier presented but not adjudicated on the merits. In either case, full consideration of the merits of the new application can be avoided only if there has been an abuse of the writ or motion remedy; and this the Government has the burden of pleading. See p. 11, supra [83 S.Ct. p. 1075].

"To say that it is open to the respondent to show that a second or successive application is abusive is simply to recognize that 'habeas corpus has traditionally been regarded as governed by equitable principles. United States ex rel. Smith v. Baldi, 344 U.S. 561, 573 [73 S.Ct. 391, 397, 97 L.Ed. 549] (dissenting opinion). Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks. Narrowly circumscribed, in conformity to the historical role of the writ of habeas corpus as an effective and imperative remedy for detentions contrary to fundamental law, the principle is unexceptionable.' Fay v. Noia, supra, 372 U.S. [391], at 438 [83 S.Ct. 822, at 848, 9 L.Ed.2d 837]. Thus, for example, if a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. The same may be true if, as in Wong Doo [Wong Doo v. United States, 265 U.S. 239, 44 S. Ct. 524, 68 L.Ed. 999], the prisoner deliberately abandons one of his grounds at the first hearing. Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or entertain collateral proceedings whose only purpose is to vex, harass, or delay.

"We need not pause over the test governing whether a second or successive application may be deemed an abuse by the prisoner of the writ or motion remedy. The Court's recent opinions in Fay v. Noia, supra [372 U.S.], at 438–440 [83 S.Ct., at 848, 849, 9 L.Ed.2d 837], and Townsend v. Sain, supra [372 U.S. 293], at 317 [83 S.Ct. 745, at 760, 9 L.Ed.2d 770], deal at length with the circumstances under which a prisoner may be foreclosed from federal collateral relief. The principles developed in those decisions govern equally here.

"A final qualification, applicable to both A and B of the foregoing discussion, is in order. The principles governing both justifications for denial of a hearing on a successive application are addressed to the sound discretion of the federal trial judges. Theirs is the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits. Even as to such an application, the federal judge clearly has the power—and, if the ends of justice demand, the duty—to reach the merits. Cf. Townsend v. Sain, supra [372 U.S.] at 312, 318 [83 S.Ct., at 293, 9 L.Ed.2d 770]. We are confident that this power will be soundly applied."

▪ We need concern ourselves with only one of the five new grounds for relief alleged by Haith in his second application, the others being adequately covered by the opinion and decision of the trial judge. The ground referred to is contained in the allegation that a judge was not present when the jury which tried Haith was selected. We are concerned with that ground because of the words used by Mr. Justice Brennan in the last paragraph quoted above from the Sanders opinion. We conclude that this allegation is of such fundamental importance as to require the court below to inquire into its merits to the end that justice may be served. See and compare Heflin v. United States, 125 F.2d 700 (5 Cir. 1942) and United States v. Sams, 219 F.Supp. 164 (W.D.Pa.1963). We, of course, cannot reach such an issue on the present record and therefore we express no opinion as to its disposition.

Accordingly the order appealed from will be vacated and the case will be remanded with the direction to proceed as required by this opinion.