Leroy HAITH, Petitioner.

v.

UNITED STATES of America, Respondent.

Civ. A. No. 34160.

United States District Court
E. D. Pennsylvania.

July 20, 1964.

Donald J. Goldberg, Philadelphia, Pa., amicus curiae.

Drew J. T. O'Keefe, U. S. Atty., by Francis R. Crumlish, Asst. U. S. Atty., for respondent.

WOOD, District Judge.

The limited but important question presented by this second motion to vacate the petitioner's sentence pursuant to 28 U.S.C.A. § 2255 is whether the petitioner was deprived of due process of law when the *voir dire* and selection of the jury were conducted in the absence of the trial judge. This solitary issue was directed by the United States Court of Appeals for the Third Circuit to be considered on the merits in Haith v. United States, 330 F.2d 198, 200 (1964).

The factual background of the petitioner's conviction for conspiracy to violate certain liquor laws and his *post*-conviction history may be found in United States v. Kensil, et al., 195 F.Supp. 115 (E.D.Pa.1961), aff'd. 295 F.2d 489 (3 Cir. 1961), cert. denied 368 U.S. 967, 82

S.Ct. 439, 7 L.Ed.2d 396 (1962); and Haith v. United States, 221 F.Supp. 379 (E.D.Pa.1963), vacated and remanded 330 F.2d 198 (3 Cir. 1964).

Upon receipt of the mandate from the Appellate Court, we appointed Donald J. Goldberg, Esq., as counsel for Mr. Haith on May 27, 1964. This appointment was rejected by the petitioner who repeatedly demanded his release from prison forthwith.[1] We denied these requests and ordered a hearing to be held on July 7, 1964. At this hearing we again queried the petitioner regarding his refusal to accept counsel which he reaffirmed by signing a waiver of counsel in open court. We then appointed Mr. Goldberg *amicus curiae* and proceeded with the hearing.

Only two witnesses were called by the petitioner, and they consisted of his attorney, Thomas Hicks, Esq., of the Virginia Bar who represented Mr. Haith on January 10, 1961, when the jury was selected, and his wife, Jacqueline Haith, who was a codefendant in the criminal proceeding. Both of these witnesses merely corroborated what was an uncontradicted fact, that the trial judge was not present during the selection of the jury. Following this testimony the petitioner rested.

The Government presented the testimony of the former Assistant United States Attorney, Joseph J. Zapitz, Esq., who was the prosecuting attorney in the criminal proceeding, and Louis Lipschitz, Esq., a respected member of the Philadelphia Bar who represented four of the accused conspirators in the criminal action. Both of these witnesses stated that pursuant to the instructions of the trial judge[2] they retired to the jury selection room on the third floor of the courthouse

---

1. Subsequent to the mandate, the petitioner filed petitions for his release on May 22, 28, 1964, and a petition to the United States Court of Appeals for the Third Circuit for a Writ of Prohibition or Mandamus which was denied on June 2, 1964.

2. See Notes of Testimony, p. 7, Document 164, in United States v. Kensil, D.C., 195 F.Supp. 115 (1961):

"Now, in this case we direct that the counsel and the defendants retire to the

room in which the jury panel is and proceed with the selection of the jury. We trust that that can be done in an orderly fashion without the necessity of the trial judge's presence. If it is found to be otherwise we will take the matter in charge." (Ex.G1–A)

(No objection was made to this directive by any of the counsel or their clients.)

which is one floor above the courtroom and proceeded to question the jurors.[3] It seems that there were eleven defense attorneys representing seventeen clients, and the defendants were granted fifteen peremptory challenges to be exercised jointly and the Government six.

Mr. Lipschitz conferred with Mr. Hicks and his associate counsel, a Mr. Alvin Echols of Philadelphia, regarding the prevailing procedure in this District concerning the selection of criminal juries, since both of these attorneys were unfamiliar with the local practice. Mr. Lipschitz conducted the questioning of the prospective jurors in the presence of all the defendants, including Haith, and their counsel. All parties were given an opportunity to question the veniremen and *no objections or disagreements arose during* the selection of any of the jurors.[4] All of the parties then returned to the courtroom and after a brief discussion with the Court the trial commenced and the jury was sworn.

Mr. Zapitz who had been an Assistant United States Attorney for seven years

and Mr. Lipschitz who has represented over 200 defendants in this Court testified that in all of their collective years of experience they recalled only one criminal case where the jury was selected in the presence of the trial judge.[5] That particular case had many unusual problems requiring a number of pre-trial conferences. Also, with the large number of defendants and their counsel plus some fifty-one jury panel members there was not enough room in the jury selection room to accommodate such a large group. Therefore, the trial judge had the *voir dire* conducted in the courtroom.

The petitioner, Leroy Haith, has not alleged any specific act of prejudice or error which resulted from the trial judge not being present when the jury was selected. The record of the hearing before the Court on this motion is devoid of the slightest indication of any unfairness or encroachment of the petitioner's constitutional rights.

Federal Criminal Rule 24(a)[6] gives the Court the discretionary power to permit the defendant or his attorney

3. No stenographic record was taken of the *voir dire* and jury selection proceedings but this practice has been changed by order of the Chief Judge on May 9, 1963, and now a record is taken of all such proceedings in criminal cases in the Eastern District of Pennsylvania. See Parrott v. United States, 314 F.2d 46 (10 Cir. 1963), where a conviction was reversed because it was *alleged* that the trial judge, during the *voir dire* (which was not transcribed) made a statement to the jury that the defendant had three other charges for bank robbery pending against him. Also see Stephens v. United States, 289 F.2d 308, 309 (5 Cir. 1961). But see Strauss v. United States, 311 F.2d 926, 932, 933 (5 Cir. 1963), where the Court affirmed the conviction even though the *voir dire* and side bar conferences were not transcribed because *no specific prejudice* was alleged as required by Stephens, accord, United States v. Stirone, 222 F.Supp. 507 (W.D.Pa. 1963), (Appeal pending), and United States v. Sams, 219 F.Supp. 164 (W.D. Pa.1963).

4. Two jurors were excused, one upon request and the other due to his employment as a county detective.

5. United States v. Markowitz, et al., 176 F.Supp. 681 (E.D.Pa.1959), was a conspiracy to violate the alcohol tax laws, 18 U.S.C.A. § 371, which involved 17 defendants. The first trial was conducted by Judge Steel of the District of Delaware and resulted in a mistrial. Judge Steel conducted the *voir dire* by propounding certain questions to the jury which were submitted by counsel. The second trial was before (Chief) Judge Clary and the jury was selected without the trial judge being present.

6. Fed.R.Cr.P. 24. *TRIAL JURORS* "(a) Examination. The court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event the court shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper." 18 U.S. C.A. Rules.

and the attorney for the Government to conduct the examination of the prospective jurors or the Court may itself conduct the examination. Neither this rule nor the principles of due process absolutely require the presence of the trial judge during the selection of a jury. While the prevailing practice in other districts throughout the United States is to have the jury selected in the presence of the trial judge, the Eastern and Western Districts of Pennsylvania follow a general selection procedure whereby the jury is selected in the absence of the trial judge.[7] In the Western District a written waiver of the trial judge's presence is secured and made part of the record. While a written waiver does not obtain in criminal trials brought in this District, the practice was initiated during the most recent criminal term commencing June 8, 1964, of specifically inquiring of counsel whether they waived the presence of the trial judge during the selection of the jury.

█ █ There is no constitutional right to any particular manner of conducting the *voir dire* and selecting a jury so long as "such limitations as are recognized by the settled principles of criminal law to be essential in securing impartial juries" are not transgressed. Pointer v. United States, 151 U.S. 396, 407–408, 14 S.Ct. 410, 38 L.Ed. 208 (1894). It is fundamental that the accused be brought face to face with the prospective jurors, that he be permitted to question the panel in order to determine whether any of the veniremen are objectionable for cause, and further, that he be accorded the right to exercise the requisite number of peremptory challenges granted him under the law. Pointer v. United States, id. at pp. 409, 410, 411, 412, 14 S.Ct. 410.

There was no absolute common law requirement that the trial judge be present during the selection of the jury or that he must conduct the *voir dire* examination. The *voir dire* was conducted, at times, by the clerk of the Court, counsel for the Crown, the accused or the accused's counsel. Moore, Voir Dire Examination of Jurors, I. The English Practice, 16 Geo.L.J. 438, 449 (1928); The Trial of Peter Cook, 4 Hargrave's State Trials, 738, 748 (1696); Anonymous 1 Salkeld 152, 153 (1795).

█ It is unquestioned that an accused may waive his right to trial by jury. "When there is no constitutional or statutory mandate, and no public policy prohibiting, *an accused may waive any privilege which he is given the right to enjoy.*" Patton v. United States, 281 U.S. 276, 309, 310, 50 S.Ct. 253, 262, 74 L.Ed. 854 (1929). [Emphasis supplied]

█ The record in the instant matter clearly shows that after the trial judge informed counsel that he would not be present during the selection of the jury, no objection was made by any of the eleven attorneys or their clients. (See Footnote 2.) By such conduct the petitioner and his counsel waived the presence of the trial judge during the selection of the jury. Such acquiescence continued after the parties returned to the courtroom, throughout the trial, appeal, and first motion to vacate the sentence under § 2255 where no mention is made of this alleged error.

We can only conclude that where a defendant has waived the presence of the trial judge during the *voir dire* and selection of the jury and no prejudice is alleged or shown to have resulted from the judge's absence, such absence is not ground for vacating the petitioner's sentence. Heflin v. United States, 125 F.2d 700 (5 Cir. 1942), cert. denied 316 U.S. 687, 62 S.Ct. 1276, 86 L.Ed. 1759 (1942); People v. Morehouse, 328 Mich. 689, 44 N. W.2d 830, 34 A.L.R.2d 676 (1950), cert. denied 341 U.S. 922, 71 S.Ct. 739, 95 L. Ed. 1335 (1951); 34 A.L.R.2d 683

7. Judge Kerr, "Empaneling of a Jury" 28 F.R.D. 185, 188 (1962). In fifty-one districts the judges conduct the *voir dire* examinations, in twenty-two districts the judge and counsel both ask questions, and in twelve districts the examination is conducted solely by counsel; in one district the examination is occasionally conducted by the deputy clerk.

(1954); 23 C.J.S. Criminal Law § 972; also see Bright v. State, 165 Tex.Cr.R. 293, 306 S.W.2d 899 (1957); People v. Rudorf, 149 Ill.App. 215 (1909); People v. Bolton, 324 Ill. 322, 155 N.E. 310 (1927); United States v. Sams, supra, Note 3; United States v. Stirone, supra, Note 3.

We believe that the facts and law set forth in the foregoing Opinion, under the circumstances of this case, satisfy the requirements of § 2255 as findings of fact and conclusions of law.

This Court is appreciative of the unselfish service rendered by Donald J. Goldberg, Esq., in this matter and for his cogent and learned brief submitted as *amicus curiae*.

### ORDER

And now, this 20th day of July, 1964, the motion to vacate the petitioner's sentence under 28 U.S.C.A. § 2255 is denied.