**Leroy HAITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 15091.

United States Court of Appeals
Third Circuit.

Argued Jan. 19, 1965.

Decided March 1, 1965.

As Amended March 5, 1965.

Leroy Haith, pro se.

Francis R. Crumlish, Asst. U. S. Atty., Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, FORMAN and GANEY, Circuit Judges.

PER CURIAM.

On June 26, 1961 appellant was convicted of conspiracy to violate Internal Revenue laws relating to the manufacture of distilled spirits. United States v. Kensil, 195 F.Supp. 115 (E.D.Pa.1961). The conviction was affirmed 295 F.2d 489 (3 Cir. 1961) with cert. den. Haith v. United States, 368 U.S. 967, 82 S.Ct. 439, 7 L.Ed.2d 396 (1962). Appellant

brought this, his second 2255 proceeding in the district court, decided adversely to him September 18, 1963. 221 F.Supp. 379 (E.D.Pa.1963). On appeal the matter was remanded to the district court for the latter to inquire into the merits of the allegation that the judge was not present during the selection of the jury which had tried appellant. 330 F.2d 198 (3 Cir. 1964).

The district court held a full hearing on the question. It found that the presence of the judge during the selection of the jury had been impliedly waived by appellant's attorney and all of the other ten defense attorneys in the case. It further found that "Such acquiescence continued after the parties returned to the courtroom, throughout the trial, appeal, and first motion to vacate the sentence under § 2255 where no mention is made of this alleged error." It further found that " * * * no prejudice is alleged or shown to have resulted from the judge's absence, * * *." The court concluded that under the facts and law no reversible error had resulted from the absence of the judge during the voir dire and jury selection. 231 F.Supp. 495 (E.D.Pa.1964).

In addition to the specific question sent down from the circuit, the fact that no stenographic record was made of the voir dire and jury selection was explored by the district court. Though there is no formal finding on this, impliedly the court concluded that no specific prejudice had ever been alleged in this connection and certainly no reversible error found. The fact of the failure to record the voir dire and jury selection is included by appellant with his point on the absence of the judge.

▆ We are entirely satisfied that under the facts there was no reversible error in the absence of the trial judge during the voir dire and selection of the jury and that there was no reversible error in the failure of the stenographer to record the voir dire and jury selection. Stirone v. United States, 341 F.2d 253 (3 Cir. Feb. 11, 1965).

The appellant urges that he was not represented by an attorney at his arraignment. The record of the arraignment in July 1960 discloses that one R. R. Ryder, a member of the bar of Richmond, Virginia, had communicated with the Government's attorney that he was unavoidably detained and that he had advised Mr. Haith to enter a plea of not guilty. The communication was handed to the court and Mr. Haith entered his plea of not guilty. Thereafter he was represented by his own choice of attorney throughout his trial. The point was actually, though not specifically, disposed of by this court in 330 F.2d 198, 200 (1964).

▆ Finally, appellant on this appeal asserts that the district attorney was biased and prejudiced against him and his wife at the trial. This question was not before the district judge. It does not belong in this 2255 proceeding. It was not raised in the appeal on the merits. Entirely aside from all that, on the trial record there is no foundation for it nor is there mention or indication of it.

The order of the district court of July 20, 1964 denying the motion to vacate prisoner's sentence will be affirmed.