Ernest **HENNINGER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7963.

United States Court of Appeals
Tenth Circuit.

Sept. 16, 1965.

Rehearing Denied Oct. 8, 1965.

**850**

Sidney H. Tellis, Denver, Colo. (Louis Boggio, Denver, Colo., was with him on the brief), for appellant.

Milton C. Branch, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was found guilty after trial to a jury upon each of three counts of an information charging violations of 18 U.S.C. § 1010 by making false statements in applications for Title I, F.H.A. home improvement loans. He appeals, contending that it was incumbent upon the United States to prove, as an element of the crimes, that his admittedly false statements actually influenced the Federal Housing Administration to insure the loans. The subject statute, 18 U.S.C. § 1010 provides in pertinent part:

"Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administration for insurance * * * or for the purpose of influencing in any way the action of such Administration, makes, passes, utters, or publishes any statement, knowing the same to be false, * * * shall be fined * * * or imprisoned * *."

■ The clear wording of the statute indicates that the essence of the crime lies in the making, passing, uttering, or publishing of a false application with the intent to influence the Administration and is not dependent upon the accomplishment of that purpose. Cohen v. United States, 6 Cir., 178 F.2d 588, cert. denied, 339 U.S. 920, 70 S.Ct. 623, 94 L.Ed. 1344; Bins v. United States, 5 Cir., 331 F.2d 390, 392, cert. denied, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87. The crime is one of subjective knowledge and intent and requires no defrauding of the government nor reliance upon the part of its officials. See Brilliant v. United States, 8 Cir., 297 F.2d 385, 389, cert. denied, 369 U.S. 871, 82 S.Ct. 1140, 8 L.Ed.2d 275; United States v. Pesano, 2 Cir., 293 F.2d 229, 231. Appellant's contrary contention is without merit.

Although no instruction of the court was objected to, appellant now characterizes the instructions as "vague, uncertain, and erroneous." We have examined the court's charge for clear error, find none, and consider the instructions to be specific, certain and correct.

The judgment is affirmed.