**UNITED STATES of America ex rel. Joseph Jude OLIVER, H–8374, Appellant,**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

No. 71–1744.

United States Court of Appeals, Third Circuit.

Submitted Oct. 20, 1972.

Decided Nov. 7, 1972.

Joseph Jude Oliver, for appellant.

Robert L. Van Hoove, Grant E. Wesner, Reading, Pa., for appellee.

Before STALEY, GIBBONS and JAMES ROSEN, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

This is an appeal from an order of the district court, 321 F.Supp. 192, denying a petition for a writ of habeas corpus on the state court record

without an evidentiary hearing. The petitioner makes three contentions:

1. That the police made so suggestive a use of photographs shown to the victims on the day following the incident that the testimony of the victims must be suppressed. The state court concluded that there was no such suggestive use as to taint the in-court identification by the victims. The district court reviewed the state court record and came to the same conclusion. We agree. *See* Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

2. That there was a police station confrontation with the victim witnesses in the absence of counsel. This occurred prior to the time the petitioner was charged. Thus he had no absolute right to have counsel present. *See* Kirby v. Illinois, 406 U.S. 682, 92 S. Ct. 1877, 32 L.Ed.2d 411 (1972). The prosecution made no affirmative use of the station house identification, and the district court concluded on the basis of the state court record that the in-court identification had a basis independent of the police station confrontation. We agree. *See* Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

3. That a momentary absence from the courtroom by the trial judge for the purpose of examining a legal authority prejudiced the petitioner because in that moment the prosecutor erased some material from a police offense report which the court had ordered furnished to the defendant. The state court, and the district court on the basis of the state court record, found this contention to be meritless. We agree. *See* Haith v. United States, 342 F.2d 158 (3d Cir. 1965) (per curiam).

The state court proceedings adequately developed the facts and that court's factual determinations are fairly supported by the record. 28 U.S.C. § 2254(d). The judgment of the district court will be affirmed.