## BREESE AND DICKERSON *v.* UNITED STATES.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 476. Argued October 15, 1912.—Decided October 28, 1912.

An indictment duly found by the Federal grand jury, while in session in a room adjoining the court room with a door opening into the court room, and which is presented in the manner prescribed by the law of the State to the presiding judge in open court while the jurors are still in session and able to see the actions of the foreman, is not void because the grand jury did not in a body accompany the foreman into the court room.

An objection that an indictment was not, under such circumstances, duly presented and publicly delivered, should be taken at the first opportunity and is lost by failure to do so; nor is it saved by permission given, when pleading not guilty, to take advantage upon motion in arrest of judgment of all matters that can be availed of on motion to quash or demurrer.

An order of the court saving rights to one pleading to an indictment does not create new rights.

Section 1025, Rev. Stat., indicates a policy that technical objections to an indictment not presented at the first opportunity are waived and should be construed as extending to the objection raised in this case, the same not being based on a constitutional right.

THE facts, which involve the validity of an indictment for conspiracy under § 5440, Rev. Stat., are stated in the opinion.

*Mr. Charles. A. Douglas*, with whom *Mr. John S. Adams*, *Mr. Thomas Ruffin, Mr. James H. Merrimon, Mr. Gibbs L. Baker* and *Mr. Hugh H. Obear* were on the brief, for defendants:

The indictment was absolutely void.

The entire grand jury must return an indictment in open court, otherwise it is void, and the court has no jurisdiction to try the accused.

This is the common-law doctrine and was the law at the time of the adoption of the Constitution. 4 Blackstone, 306; Bishop, New Crim. Law, § 869 A; Thompson and Merriam on Juries, § 696; *Commonwealth v. Cawood*, 2 Va. Cas. 541; *State v. Heaton*, 22 W. Va. 778; *White's Case*, 29 Gratt. 824; *Simmons' Case*, 89 Virginia, 156; *Price's Case*, 21 Gratt. 846; *Gardner v. People*, 20 Illinois, 430; *Renigar v. United States*, 172 Fed. Rep. 646; *Goodson v. State*, 29 Florida, 511.

This was the law of the State of North Carolina. *State v. Cox*, 28 Nor. Car. 445; *State v. Bordeaux*, 93 Nor. Car. 563.

It was the law of North Carolina until the year 1889, when a statute was required to change it. See § 3262, Revisal of North Carolina.

The crime with which the defendants were charged is that of conspiracy under § 5440, Rev. Stat. U. S., and is an infamous crime. 2 Fed. St. Ann. 247; *Mackin v. United States*, 117 U. S. 348.

Accordingly this became the law of the Constitution of the United States by adoption, under the Fifth Amendment.

"Due process of law" at the time of the adoption of the Constitution comprehended the proceedings as then known, including the return of the indictment by the whole body of the grand jury. See authorities heretofore cited and *Murray v. Hoboken Land & Improvement Co.*, 18 How. 272; *Hagar v. Reclamation District*, 111 U. S.

701; *Ex parte Wall*, 107 U. S. 265; *Lowe* v. *Kansas*, 163 U. S. 81; *Lewis* v. *United States*, 146 U. S. 370; *Hopt* v. *Utah*, 110 U. S. 578; and see *Schwab* v. *Berggren*, 143 U. S. 442; Cooley's Const. Law, 241; McGehee on Due Process of Law, 1 and 51; *Hallinger* v. *Davis*, 146 U. S. 314; *Hurtado* v. *California*, 110 U. S. 516.

It follows, therefore, that as the United States has passed no statute on the subject, and as § 34, Judiciary Act of 1789, § 721, Rev. Stat., is not applicable thereto, due process of law is the same now as it was at common law or in the State of North Carolina at the time of the adoption of the Constitution. *United States* v. *Reid*, 12 How. 341.

The Federal Government cannot vary the procedure in trials by jury in Federal courts, so as to enlarge or diminish the number of jurors or require less than their unanimous verdict, and cannot enact any statute which shall operate to merge the jurisdictions of law and equity, and the words "due process of law," although they may be properly subject in their construction to the growth of the law, demand that the changes in the law to which they are so subjected be made by properly constituted Federal authorities before being enforced by Federal courts.

It became a constitutional right or privilege of the accused to be placed on trial only after an indictment presented in open court by at least twelve of the grand jurors.

A North Carolina statute could not affect Federal constitutional law nor the constitutional privilege of the accused. *Erwin* v. *United States*, 37 Fed. Rep. 488; *Trafton* v. *United States*, 147 Fed. Rep. 514; *Logan* v. *United States*, 144 U. S. 263; *Martin* v. *Hunter*, 1 Wheat. 363; *McCullough* v. *Maryland*, 4 Wheat. 316.

The failure of the grand jury as a body to return the indictment was not a matter of form only to be cured by § 1025, Rev. Stat., nor could any waiver of the accused

affect their constitutional right or confer jurisdiction upon the court. See 1 Bishop's New Crim. Proc.; *United States v. Gale*, 109 U. S. 65; Fed. Stat. Ann. § 12, p. 263; Joyce on Indictments, § 31; *Ex parte McCluskey*, 40 Fed. Rep. 74; *Renigar v. United States*, 172 Fed. Rep. 646, 655; *Lewis v. United States*, 146 U. S. 370.

Such an indictment may be quashed on motion of the defendants first made after the expiration of the term at which the indictment was found and after the final discharge of the grand jury which found it, the defendants not having at or before the time of moving to quash pleaded to said indictment. *Crowley v. United States*, 194 U. S. 462, citing *McQuillen v. State*, 8 Smeedes & M. 587.

While in the certificate the court below refers to the pleading as a motion to quash, the point was made in the trial court by plea in abatement, although under the practice prevailing in said court a motion to quash would have amounted to a plea in abatement, the ancient distinction between the two having been ignored. *Breese v. United States*, 143 Fed. Rep. 252.

A plea based upon the ground that no valid indictment was in court is one to the jurisdiction, for the accused thereby denies the jurisdiction of the court to try him. Starkie on Criminal Pleading, 342.

A motion or plea of the character mentioned in the second question may be made at any time before the accused is required to plead in bar. 12 Cyc. and cases cited.

The sixth question should be answered affirmatively.

The trial court in its discretion would have the right to permit the second plea or motion to be made, either as a new motion or by way of amendment, and having done so in this case, and having found the facts therein raised, and having decided as a matter of law upon those facts that the indictment was valid, the question as to whether it was proper to consider the points so raised has been foreclosed; and the only question left for the

appellate court at this time to determine is whether or not on the facts found the indictment as a matter of law was valid. *State* v. *Eason*, 70 Nor. Car. 88; *State* v. *Jones*, 88 Nor. Car. 671; *State* v. *Sheppard*, 97 Nor. Car. 410; *State* v. *Miller*, 100 Nor. Car. 543; *State* v. *Gardner*, 104 Nor. Car. 739; *Mills* v. *State*, 76 Maryland, 277.; *Commonwealth* v. *Smith*, 162 Massachusetts, 508; *Mentor* v. *People*, 30 Michigan, 91; *People* v. *Judson*, 11 Daly (N. Y.), 47; *Comus* v. *Ransey*, 1 Brews. (Pa.) 422; *Richards* v. *Commonwealth*, 81 Virginia, 110.

*Mr. Assistant Attorney General Denison*, with whom *Mr. Louis G. Bissell* was on the brief, for the United States.

No Federal statute required the grand jury to accompany the foreman upon presentation of the indictment, nor had any Federal decision established that practice as essential. The decision in *Renigar* v. *United States*, 172 Fed. Rep. 646, that an indictment was absolutely void where it was subject to the present objection was coupled with the further objection that it was not returned into court at all, but merely handed to the clerk during a recess. The grand jury and the court to which the indictment was submitted committed no error in following the state code practice. Laws North Carolina, 1905, § 3242; Mr. Justice Gray in *United States* v. *Richardson*, 28 Fed. Rep. 66; *Danforth* v. *State*, 75 Georgia, 614, p. 620. The reasons for the old practice have largely disappeared. *Frisbie* v. *United States*, 157 U. S. 160. And it has been abrogated not only in North Carolina but in Ohio, Laws 1869, p. 300, Title III, § 86, and in Nebraska, Laws 1873, G. S., p. 816, as well as in Georgia.

The objection does not go to the jurisdiction of the trial court, but is purely technical and involves no prejudice to the defendants. It is therefore no ground for quashing the indictment. Rev. Stat., § 1025; *Frisbie* v. *United*

*States*, 157 U. S. 160; *Caha* v. *United States*, 152 U. S. 211, 221; *Bram* v. *United States*, 168 U. S. 532, 566; *Ledbetter* v. *United States*, 108 Fed. Rep. 52; *United States* v. *Clark*, 46 Fed. Rep. 633, 638; *United States* v. *Borneman*, 35 Fed. Rep. 824; *United States* v. *Molloy*, 31 Fed. Rep. 19; *United States* v. *McKee*, 4 Dillon, 1, 10; *United States* v. *Cobban*, 127 Fed. Rep. 713, 716; *United States* v. *Benson*, 31 Fed. Rep. 896, 900; *United States* v. *Tuska*, 14 Blatchf. 5; *United States* v. *Ewan*, 40 Fed. Rep. 453; *United States* v. *Terry*, 39 Fed. Rep. 355, 364; *Texas & Pacific Ry. Co.* v. *Kirk*, 111 U. S. 486; *Miller* v. *Texas*, 153 U. S. 535; *Long* v. *Farmers' State Bank*, 147 Fed. Rep. 360; *Alaska Co.* v. *Keating*, 116 Fed. Rep. 561, 564; *Townsend* v. *Jemison*, 7 How. 706, 719; *Linder* v. *Lewis*, 1 Fed. Rep. 378, 380; *Agnew* v. *United States*, 165 U. S. 36, p. 44; *McInerney* v. *United States*, 147 Fed. Rep. 183; *Gale* v. *United States*, 109 U. S. 65; *United States* v. *Tallman*, 10 Blatchf. 21; *United States* v. *Reed*, 2 Blatchf. 435, 449; *State* v. *Mellor*, 13 R. I. 666; *Cox* v. *People*, 80 N. Y. 500; *People* v. *Petrea*, 92 N. Y. 128, 143; *State* v. *Mertens*, 14 Missouri, 94; *Wau-Kon-Chaw-Neek-Kaw* v. *United States*, 1 Morris, 332, 335–336; *Danforth* v. *State*, 75 Georgia, 614, 620; *Bryan* v. *Ker*, 222 U. S. 107; *Kaizo* v. *Henry*, 211 U. S. 141, 149; *Harlan* v. *McGourin*, 218 U. S. 442, 451; *Agnew* v. *United States*, 165 U. S. 36, 44.

The motion to quash was made too late, the rule requiring that such motions must be made at the very first opportunity. *Agnew* v. *United States*, 165 U. S. 36, 44; *Hyde* v. *United States*, 225 U. S. 347, 373; *Lowdon* v. *United States*, 149 Fed. Rep. 673; *McInerney* v. *United States, supra; Gale* v. *United States*, 109 U. S. 65; *Crowley* v. *United States*, 194 U. S. 461; *Kerr* v. *State*, 36 Oh. St. 614, 623; *Jinks* v. *State*, 5 Tex. App. 68; *Caldwell* v. *State*, 41 Texas, 86, 91; *Douglass* v. *State*, 8 Tex. App. 520, 529; *State* v. *Mann*, 83 Missouri, 589, 592; *Patterson* v. *Commonwealth*, 86 Kentucky, 313; *Ex parte Winston*, 52

Alabama, 419; 1 Bishop, Crim. Proc., § 886; 12 Cyc. 766; *State* v. *Ledford,* 133 Nor. Car. 714; *Powers* v. *United States,* 223 U. S. 303, 312; *Re Wilson,* 140 U. S. 575; *Carter* v. *Texas,* 177 U. S. 442; *In re Lane,* 135 U. S. 443; *Louisiana* v. *Gibson & Dillon,* 50 La. Ann. 23.

The order of court alleged to have authorized the motion notwithstanding the delay of $11\frac{1}{2}$ years was intended to do no more, and did no more, than waive the effect of the plea of not guilty, so far as that plea would obstruct a motion otherwise duly made. If the order is to be construed otherwise and as if intended to relieve the defendant from the rules of law established in the premises, then the order was beyond the power of the court and void. *Kelsey* v. *Forsyth,* 21 How. 85; 1 Bishop, Crim. Proc., § 124; *Murphy* v. *People,* 3 Colorado, 147; *Spencer* v. *State,* 34 Tex. Crim. Rep. 238; *In re Brown,* 174 Fed. Rep. 339; *Spalding* v. *Hill,* 115 Kentucky, 1; *Whiskey Cases,* 99 U. S. 594; *United* v. *Hinz,* 35 Fed. Rep. 272, 279; *Queenan* v. *Oklahoma,* 190 U. S. 548, 552.

In any event the objection did not survive the first motion to quash in which the finding and return of the indictment were conceded and this objection was not taken. *People* v. *Strauch,* 153 Ill. App. 544, 554.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes here on a certificate which may be summed up as follows. The defendants were indicted in 1897 under Rev. Stat., § 5440, for a conspiracy to embezzle funds of a national bank. In the following term, on November 6, 1897, they were ordered to plead, and pleaded not guilty—but the order provided that the plea should not "prevent their taking advantage upon motion in arrest of judgment or on motion for a new trial of all matters and things which could be taken advantage of by motion to quash or demurrer, upon motion in arrest of

judgment or for a new trial, all such matters and things shall be heard and determined as if the same were being heard upon motion to quash or demurrer." After the trial of another case this one was called for trial at the May term, 1908. The defendants then pleaded in abatement and moved to quash on the ground of the disqualification of three grand jurors, but the plea and motion were not maintained by the facts. 172 Fed. Rep. 761. The case was put down for trial again on June 21, 1909. The defendants again pleaded in abatement and moved to quash on the ground that the foreman of the grand jury delivered the indictment to the judge during the session of the court but in the absence of the other grand jurors. The court denied the plea and overruled the motion. A jury was sworn, the defendants were tried, and found guilty, and after a motion for a new trial had been made on the same ground as above, and overruled, they were sentenced. . 172 Fed. Rep. 765, 768. The question is whether the last mentioned plea and motions should have been sustained.

The facts are "that more than twelve grand jurors voted to find the indictment a true bill. That when this action had been taken the grand jury was in session in a room adjoining the court room on the same floor with a door opening into the court room. The foreman left the grand jury, went into the court room with the bill of indictment, and handed it to Judge Purnell, the presiding judge, in person, the judge being then on the bench and the court open, and that the judge looked over the indictment and handed it to the clerk in open court, and that the foreman then returned to the grand jury room and proceeded with the business of the grand jury there assembled; that the grand jury did not accompany him when he brought the bill of indictment into the court room and handed it to the court." The mode of proceeding was the same as that prescribed by the laws of North Carolina. The clerk filed

the indictment and made the following entry: "United
States *v.* W. E. Breese, W. H. Penland, and J. E. Dicker-
son.   Indct.: Conspiracy and embezzlement, Oct. term,
1897.   'A true bill.   J. M. Allen, foreman.'   In the above
entitled cause it is ordered by the court, upon motion of
the district attorney, that the said cause, together with
all the papers therein, be transferred to Asheville, to be
there tried at the next term of said court to be held on
the 1st Monday in November next."

Six questions are certified, which are intended to pre-
sent in detail whether in the circumstances stated the
indictment should have been quashed.[1]   It is enough to

---

[1] 1. Is such an indictment absolutely void?

2. Should such indictment be quashed on motion of the defendants
first made after the expiration of the term at which the indictment
was found and after the final discharge of the grand jury which found
it, the defendants not having at or before the time of moving to quash
pleaded to said indictment?

3. Should such indictment be quashed on motion of the defendants
first made after the expiration of the term at which the indictment
was found and after the final discharge of the grand jury which found
it, and after the overruling of an earlier verified motion to quash made
by the defendants on other grounds, in which said earlier motion to
quash they had alleged that said indictment had been duly returned
into open court by the grand jury, said second motion to quash having
been made before the defendants had otherwise pleaded to the indict-
ment?

4. Should such indictment be quashed on motion of the defendants
first made after the expiration of the term at which the indictment
was found, and after the final discharge of the grand jury which found
it, and after the defendants had pleaded not guilty to such indictment,
but before a jury was sworn upon the issue joined upon such plea?

5. Would the defendants be entitled to have judgment arrested upon
a verdict of guilty returned upon such indictment?

6. Would defendants who had pleaded not guilty to such an indict-
ment under an order of court, by the terms of which such plea of not
guilty should not operate or have the effect to prevent their taking
advantage upon motion in arrest of judgment or on motion for a new
trial of all matters and things which could be taken advantage of by

say that we are of opinion that the indictment was not void, and that if there ever was anything in the objection to it the plea and motion came too late.

We do not think it necessary to discuss the contention that the Fifth Amendment to the Constitution requires the indictment to be presented by the grand jury in a body, or that their failure so to present it goes to the jurisdiction of the court. See *Kaizo* v. *Henry*, 211 U. S. 146, 149; *Harlan* v. *McGourin*, 218 U. S. 442, 451; *United States* v. *McKee*, 4 Dillon, 1, 9. The reasons for the requirement, if they ever were very strong, have disappeared, at least in part, and we have no doubt that Congress, like the State of North Carolina, could have done away with it, if it had seen fit to do so instead of remaining silent. See *Danforth* v. *State*, 75 Georgia, 614, 620, 621. *United States* v. *Butler*, 1 Hughes, 457, 461. *Frisbie* v. *United States*, 157 U. S. 160, 163. But it would be going far to say that the record does not import an indictment duly presented and 'publicly delivered into court,' 4 Bl. Comm. 306, or that on the findings the indictment was not only presented in fact, even according to the supposed rule requiring the presence of all the grand jurors. It appears by a certified plan that they could have seen the foreman's actions, if they desired, from at least a part of the room where they were. It fairly is implied that they knew what the foreman was about. We may compare the decisions as to the witnessing of wills. *Riggs* v. *Riggs*,

---

motion to quash or demurrer, be entitled to have such indictment quashed on motion made by them after the expiration of the term at which the indictment had been found and after the final discharge of the grand jury which found it, and after the denial by the court of a previous motion to quash made by the defendants on other grounds, in which first motion to quash they had alleged that said indictment had been duly returned into open court by the grand jury?

135 Massachusetts, 238. *Mendell* v. *Dunbar,* 169 Massachusetts, 74.

At all events, objections of this sort are not to be favored when no prejudice to the defendants is shown; and on the contrary the fact that the indictment was found and presented to the court is not disputed. As the defendants had no constitutional right to the presence of the grand jury they were bound to take the first opportunity in their power to object to its absence, and by their failure to do so, as heretofore set forth, they lost whatever rights they may have had. *United States* v. *Gale,* 109 U. S. 65. *Agnew* v. *United States,* 165 U. S. 36, 44. *Hyde* v. *United States,* 225 U. S. 347, 373. The rule is implied in *Crowley* v. *United States,* 194 U. S. 461, 474, cited by the defendants. See also *Rodriguez* v. *United States,* 198 U. S. 156, 164. The order made by the court saving rights created no new ones, and the right to this plea was lost irrespective of the plea of not guilty, entered in pursuance of the order of the court. In the first plea it was admitted that the grand jury 'returned the said bill of indictment into court as a true bill.'

The same result follows from Rev. Stat., § 1025, providing that no indictment presented by a grand jury shall be deemed insufficient nor the trial, judgment or other proceeding thereon be affected by any defect in matter of form only, which shall not tend to the prejudice of the defendant. As we already have intimated, this indictment was presented in fact by the grand jury, and the defect, if any, was a defect in the matter of form only. The section should be construed to apply to the case (see *Crowley* v. *United States,* 194 U. S. 461, 474, *Rodriguez* v. *United States,* 198 U. S. 156, 165, *United States* v. *Molloy,* 31 Fed. Rep. 19, 23), and, even if it did not, it indicates a policy favoring the conclusion previously expressed that the objection had been waived. We answer the first and sixth questions: No.