**In re GRAND JURIES.**

**MBD Nos. 89–710 to 89–712.**

United States District Court, D. Massachusetts.

May 29, 1991.

Wayne A. Budd, U.S. Atty., Boston, Mass., for U.S.

## MEMORANDUM

TAURO, District Judge.

### I

### *Facts*

On August 3, 1989, upon petitions of the United States, this court summoned jurors for the purpose of impaneling three United States grand juries pursuant to Fed.R. Crim.P. 6. The three grand juries were impaneled on October 5, 1989. On March 27, 1991, the government filed an Application to Extend Service of Grand Jury in each matter. Due to administrative error, the Applications did not come to this court's attention until April 8, 1991. On that date, this court entered an Order Extending Service of Grand Jury in each matter. On May 24, 1991, the government filed a Motion for Nunc Pro Tunc Order, specifically requesting that this court extend the service of the grand juries as of April 5, 1991.

### II

### *Analysis*

The issue presently before this court is whether its April 8, 1991 Orders extending service of the three grand juries constitute valid extensions under Fed.R.Crim.P. 6(g) and, if not, whether a Nunc Pro Tunc Order is an appropriate remedy. For the reasons stated below, this court concludes that its April 8 Orders constitute valid extensions of the terms of the three grand juries and, as a result, the government's motion for a nunc pro tunc order is unnecessary.[1]

Under Fed.R.Crim.P. 6(g), "A grand jury shall serve until discharged by the court, but no grand jury may serve more than 18 months unless the court extends the service of the grand jury for a period of six months or less upon a determination that such extension is in the public interest." The current version of Rule 6(g) became effective on August 1, 1983. Prior to that date, the Federal Rules of Criminal Procedure did not permit a grand jury to serve more than 18 months. *See, e.g., United States v. Fein*, 504 F.2d 1170 (2d Cir.1974) (court upheld dismissal of an indictment returned nine days after the expiration of a grand jury's 18 month term). The Supreme Court amended Rule 6(g) in 1983 to "permit some degree of flexibility as to the discharge of grand juries where the public interest would be served by an extension." Fed.R.Crim.P. 6(g) advisory committee's note. The advisory committee also noted that

> The present inflexible rule can produce several undesireable consequences, [including] (i) wastage of a significant amount of time and resources by the necessity of presenting the case once again to a successor grand jury simply because the matter could not be concluded before the terms of the first grand jury expired; (ii) precipitous action to conclude the investigation before the expiration date of the grand jury; and (iii) potential defendants may be kept under investigation for a longer time because of the necessity to present the matter again to another grand jury.

*Id.*

The "undesireable consequences" raised in the advisory committee's note are pre-

---

1. This court notes that a nunc pro tunc order may not be an available remedy on these facts. *See, e.g., United States v. Smith,* 669 F.Supp. 177, 180 (N.D.Ill.1987), *aff'd,* 869 F.2d 348 (7th Cir. 1989) (A nunc pro tunc order "cannot act as a substitute for an extension order never entered."); *see also United States v. Gillespie,* 666 F.Supp. 1137, 1139 (N.D.Ill.1987) (nunc pro tunc "orders are only a means for regularizing, as a matter of record, court orders that were *in fact* entered in the past but that, due to some clerical oversight, did not find their way onto the docket or other appropriate court record.") (emphasis in original).

cisely the type of concerns that led this court to find that extending the service of the three grand juries was "in the public interest." *See* Orders dated April 8, 1991 (extending the term "will avoid substantial duplication of grand jury time and effort."); *see also* Fed.R.Crim.P. 6(g).

Several factors support the conclusion that this court's Orders dated April 8, 1991 constitute valid extensions under Rule 6(g). First, as previously stated, this court specifically found that the extensions were "in the public interest" as required under Rule 6(g). Second, the government timely filed its applications for extensions, and it was only through administrative error that they were not brought to this court's attention until April 8, 1991. Third, nothing in the language of Rule 6(g) renders this court's April 8 Orders null and void.

Here, the three grand juries did not serve *"more than 18 months"* before this court extended their service. Their service was set to expire on Friday, April 5, 1991. This court entered Orders extending their service the following Monday. None of the grand juries met over the weekend of April 6 and 7. As a result, this court's April 8 Orders comply with Rule 6(g).

In given circumstances, other courts have wisely avoided burdening the grand jury administrative process with arbitrary bright line rules. For example, in *United States v. Jones*, 676 F.Supp. 238, 241 (M.D. Fla.1987), the court held that the grand jury did not automatically cease to exist when its membership fell below 16, despite Fed.R.Crim.P. 6(a)'s requirement that "[t]he grand jury *shall* consist of *not less* than 16 jurors...." The *Jones* court characterized defendant's suggested bright line approach as "a strained construction of the rules." *Id.* A similar approach is warranted here, where resort to the literal language of Rule 6(g) would defeat its stated purpose of "permit[ting] some degree of flexibility ... where the public interest would be served by an extension." Fed.R. Crim.P. 6(g) advisory committee's note.

The circumstances here present a novel issue and a compelling situation. In rejecting a bright line rule, this court emphasizes the strong public interest in extending the service of the three grand juries, the fact that any "lapse" in the terms of the grand juries occurred over a weekend, and that an alternate holding would effectively reward form over substance and allow an administrative error to triumph over reason and common sense.