**Sam HALL, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 01–6096.**

United States Court of Appeals,
Sixth Circuit.

June 24, 2002.

Before CLAY and GILMAN, Circuit Judges; HAYNES, District Judge.*

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Sam Hall appeals pro se from a district court judgment that denied a motion to vacate his sentence filed under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1996, a federal jury convicted Hall of using the facilities of interstate commerce in a murder-for-hire scheme. *See* 18 U.S.C. § 1958. He was sentenced to 121 months of imprisonment, and that sentence was affirmed on direct appeal.

In his § 2255 motion, Hall primarily alleged: 1) that the record did not show that the grand jury had returned his indictment in open court; and 2) that he had been denied the effective assistance of counsel at trial. The district court adopted a magistrate judge's recommendation over Hall's objections, and denied his § 2255 motion on July 27, 2001. The court later amended this judgment to clarify that Hall's objections had been timely, and he now appeals.

We review the denial of a § 2255 motion *de novo,* although the district court's factual findings are examined for clear error. *Wright v. United States,* 182 F.3d 458, 463 (6th Cir.1999). In order for Hall to prevail, the record must reflect a fundamental defect that resulted in a complete miscarriage of justice or an egregious error that violated due process. *See id.*

Hall argues that the trial court lacked jurisdiction because the record did not clearly show that the grand jury had returned his indictment in open court, as prescribed by the version of Fed.R.Crim.P. 6(f) that was in effect in 1996. Hall must show cause and prejudice to excuse his procedural default in failing to raise this claim on direct appeal. *See Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir.1993). He now argues that he did not raise the claim sooner because he was not aware of all of the requirements of Rule 6(f). However, mere ignorance of the law is not sufficient to establish cause, and the failure to do so independently defeats his claim. *See McCleskey v. Zant,* 499 U.S. 467, 502, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Rodriguez v. Maynard,* 948 F.2d 684, 688 (10th Cir.1991).

■ Nevertheless, we note that Hall was not prejudiced, as the indictment is valid on its face. It is signed by the foreperson of the grand jury and the assistant United States Attorney. Indeed, the indictment itself expressly indicates that it was filed in open court. Moreover, even under the former version of the Rule 6(f), the failure of the grand jury as a whole to present an indictment in open court did not rise to the level of a jurisdictional or a constitutional violation. *Breese v. United States,* 226 U.S. 1, 9–11, 33 S.Ct. 1, 57 L.Ed. 97 (1912); *United States v. Lennick,* 18 F.3d 814, 817–18 (9th Cir.1994).

Hall also argues that the jury instructions effectively amended the indictment. This argument was not clearly raised in the district court or certified for appeal. Therefore we will not consider it here. *See* 28 U.S.C. § 2253(c); *Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir.1994).

To establish the ineffective assistance of counsel, Hall must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hall primarily alleged that his attorney did not: 1) seek medical evaluations to determine his fitness for trial; 2) interview witnesses who would have testified that he had often joked about killing the intended victim; 3) listen to tape recordings of his incriminating conversations before trial or argue that the recordings were incomplete; 4) argue that a prosecu-

tion witness was biased; or 5) adequately prepare for trial.

Hall has abandoned his first, second, and fourth claims by failing to raise any clear argument regarding them in his initial brief on appeal. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997). In lieu of his first claim, Hall now argues that his attorney failed to make an effective argument for a reduced sentence because of his alleged health problems. However, we will not consider this revised claim, as it was not clearly raised in the district court or certified for appeal. *See* 28 U.S.C. § 2253(c); *Barker*, 40 F.3d at 793–94.

■ Hall alleged that his attorney should have objected to the admission of tape recordings in which he discussed his plan to have the intended victim killed. The district court noted that counsel had averred by affidavit that he had reviewed the tapes with Hall and had determined that there was no reason to question their authenticity. Hall now asserts that the jury did not hear parts of the tapes that would have shown that he was only joking. This argument fails because counsel adduced testimony from Hall and another witness which indicated that there had been a lot of joking about the insurance policies. Thus, the parts of the tapes that allegedly were not played would have been cumulative. Moreover, Hall's assertion that he was joking is belied by evidence that he had fostered a fraudulent scheme regarding a physical examination for the victim's life insurance policy and by evidence of his conversation with an FBI agent who was posing as a hitman, in which Hall agreed to the intended victim's murder. Thus, Hall has not shown that he was actually prejudiced by counsel's alleged error. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

■ Hall also argues that his attorney should have obtained a DNA test to show

that he was not involved in a scheme to have an impersonator examined by a nurse, to satisfy the requirements of the intended victim's insurance policy. However, the nurse admitted at trial that she could not identify Hall and there is no indication that a sample was available for DNA testing. Thus, it appears that counsel's alleged error involved a strategic decision that did not rise to the level of a viable Sixth Amendment claim. *See id.* at 699, 104 S.Ct. 2052. Hall's remaining arguments are all equally unavailing.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.